A89A1363. BURCH v. UOKUNI INTERNATIONAL, INC. et al.
(386 SE2d 889)

BANKE, Presiding Judge.

On January 1, 1987, the appellant's son and a companion, both 19 years of age at the time, became intoxicated while consuming alcoholic beverages at a tavern owned and operated by the appellees. While attempting to return home, they were involved in a motor vehicle accident, as a result of which the companion died and the appellant's son suffered serious injuries. The son was driving at the time and was charged with DUI and vehicular homicide. He ultimately entered a negotiated plea to those charges.

The appellant brought the present action seeking to recover damages from the appellees pursuant to OCGA § 51-1-18 (a), based on their alleged unlawful conduct in furnishing alcoholic beverages to his "underage" son. As special damages, he sought to recover the legal fees, towing fees, and medical expenses he had incurred on his son's behalf as a result of the accident, as well as the expense of paying off certain bank loans owed by his son which he had personally guaranteed. In addition, he sought to recover damages for mental and emotional distress he had suffered as a result of his son's injuries. This appeal is from the grant of the appellees' motion for summary judgment. *Held:*

As it existed at the time of the accident, OCGA § 51-1-18 provided as follows: "(a) A father or, if the father is dead, a mother, shall

have a right of action against any person who shall sell or furnish alcoholic beverages to his or her *underage child* for the child's use without the permission of the child's parent. (b) A parent shall have a right of action against any person who shall play and bet at any game of chance with his *minor child* for money or any other thing of value without the parent's permission." (Emphasis supplied.)

The appellant contends that because the term "minor child" is used in subsection (b) of this Code section, it logically follows that the use of the term "underage child" in subsection (a) reflects a legislative intention to refer to an age other than the legal age of majority, which is and has been at all times relevant to this action 18. See OCGA § 39-1-1 (a). The only other age the term could logically refer to, argues the appellant, is the legal drinking age, which is and has been at all times relevant to this action 21. See OCGA § 3-3-23.

We note that in 1988, after the occurrence of the alleged tort on which the present action is predicated, the words, "[a] father or, if the father is dead, a mother . . .," which formerly appeared in subsection (a) of OCGA § 51-1-18 were replaced by the words, "[t]he *custodial parent or parents. . . .*" Ga. L. 1988, p. 363, § 1. (Emphasis supplied.) Because an individual who is over the legal age of majority obviously is no longer under the custody and control of either parent, see OCGA § 19-7-1 (a), it is clear that if the appellant's claim against the appellees were governed by the present statute, he would have no right of action under the statute. For much the same reason, i.e., because a parent's statutory obligation to support his or her child ends after the child has attained the legal age of majority, we hold that the former version of OCGA § 51-1-18 similarly cannot be construed as conferring a right of action upon the appellant to recover the legal, medical, and other expenses which he incurred on his son's behalf. We reject the appellant's argument that a different conclusion may be reached in the present case because his son was still living with him at the time of the accident under an implied agreement whereby he (the appellant) continued to provide "all the financial benefits associated with a child's minority in exchange for the son's granting to [him] all the rights of a parent." As such an implied agreement would not have been enforceable by either of the parties thereto, it could not have affected the legal rights and obligations of others not parties to it.

Under the circumstances, to allow the appellant to recover the various expenses which he incurred on his son's behalf as a result of the accident would be to undermine and circumvent the rule, announced by the Georgia Supreme Court in *Sutter v. Hutchings*, 254 Ga. 194, 200 (357 SE2d 716) (1985), that a provider of alcoholic beverages cannot be held liable to a consumer of alcoholic beverages for injuries sustained as a result of such consumption. That rule would also be circumvented by allowing the appellant to recover the expense

of paying off his son's loans. Indeed, we are aware of no circumstances in which the guarantor of a loan has been allowed to recover in tort for injuries to the primary obligor under the theory that, but for such injuries, recourse on the guaranty would not have been necessary.

The appellant's claim for damages for the emotional loss and trauma which he sustained as a result of his son's injuries similarly is not cognizable under present law. In *Strickland v. Hodges*, 134 Ga. App. 909 (216 SE2d 706) (1975), this court held that a parent may not recover for mental and emotional distress stemming from a tortious injury inflicted upon his or her child where the parent suffered no physical impact as a result of the defendant's conduct. Accord *Howard v. Bloodworth*, 137 Ga. App. 478 (224 SE2d 122) (1976). It being apparent for the foregoing reasons that the appellant sustained no legally recoverable damages as a result of the appellees' alleged breach of duty, we accordingly hold that the trial court did not err in granting the appellees' motion for summary judgment.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED SEPTEMBER 22, 1989.

*Paul S. Liston, Linda R. Wells*, for appellant.
*Duncan & Mangiafico, George E. Duncan*, for appellees.