A93A1320. STEEDLEY et al. v. HUNTLEY'S JIFFY STORES, INC. et al.
(432 SE2d 625)

MCMURRAY, Presiding Judge.

This is the second tort action appealed to this Court arising from a motor vehicle collision in which six individuals were killed when a truck driven by Scott Steedley collided with a passenger van carrying fifteen people. We will not repeat the facts set out in our earlier decision. See *Manuel v. Koonce*, 206 Ga. App. 582 (425 SE2d 921). The plaintiffs in this action are Scott Steedley and his parents, W. J. Steedley and Vesta Lee Steedley. Plaintiffs seek to recover damages for the injuries suffered by Scott Steedley in the collision from defendants Huntley's Jiffy Stores, Inc. and Pamela Gail Youmans, who allegedly furnished alcohol to Scott Steedley with knowledge that he would be driving. This appeal is taken from the grant of defendants' motion for summary judgment. *Held*:

1. Before addressing the merits of plaintiffs' enumerations of error, we note that plaintiffs' brief and enumerations of error were not timely filed and that this failure is the subject of a motion to dismiss by defendants. While we exercise our discretion in this instance to deny defendants' motion to dismiss, we urge compliance with the mandates of our rules in this and other matters, and point out the hazards including dismissal of appeals and contempt citations which await those who fail to do so. Also, we deny defendants' motion to supplement the record since the deposition which defendants seek to add to the record on appeal is not relevant under our analysis of the issues raised by plaintiffs' enumerations of error.

2. Scott Steedley's action against these defendants is foreclosed since a consumer of alcohol, even an underage consumer, may not recover from the provider of that alcohol for injuries resulting from consumption of the alcohol. "Having determined that providing alcohol to a noticeably intoxicated 17-year-old automobile driver may be found to be the proximate cause of injuries to third persons, we should explain why providing alcohol to a noticeably intoxicated 17-year-old automobile driver does not make the provider liable for injuries to the 17-year-old consumer. See *Shuman v. Mashburn*, 137 Ga. App. 231 (223 SE2d 268) (1976), and *Riverside Enterprises, Inc. v.*

*Rahn*, 171 Ga. App. 674 (320 SE2d 595) (1984), discussed in the appendix. Although the provider owes a duty not to provide alcohol to a driver who is noticeably intoxicated, the driver also owes a duty to exercise ordinary care for his own safety. See *Shuman v. Mashburn*, supra. As between provider and consumer, the consumer has the last opportunity to avoid the effect of the alcohol, by not drinking or not driving, and thus as between the two, the negligence of the consumer is the greater. Hence, notwithstanding the fact that the provider as well as the consumer should foresee the possibility of injury to the consumer, the consumer cannot recover for his injuries from the provider. *Riverside Enterprises, Inc. v. Rahn*, supra." *Sutter v. Hutchings*, 254 Ga. 194, 198 (fn. 7) (327 SE2d 716). This rule was not altered by the enactment of OCGA § 51-1-40. See the last sentence of OCGA § 51-1-40 (b).

3. The parents' claim under OCGA § 51-1-18 (a) is foreclosed by our decision in *Burch v. Uokuni Intl.*, 192 Ga. App. 861 (386 SE2d 889). *Burch* involved an action by a parent for injuries to his child who was 19 years of age, beyond the age of majority but underage in relation to the right to consume alcohol. While Scott Steedley is both a minor and underage, we find no merit in plaintiffs' argument that the *Burch* decision should be distinguished on the facts. Our reasoning in *Burch* was directed toward avoiding a circumvention of the rule from *Sutter v. Hutchings*, 254 Ga. 194, 198 (fn. 7), 200, supra, that a provider of alcohol cannot be held liable to a consumer of alcohol for injuries sustained as a result of such consumption. Since the *Sutter* rule is applicable to all underage consumers of alcohol, including those who are minors, it follows that the *Burch* rule is likewise applicable and governs under the circumstance of the case sub judice. The superior court did not err in granting defendants' motion for summary judgment.

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED JUNE 10, 1993.

*Sutton & Associates, Berrien L. Sutton*, for appellants.
*Webb, Carlock, Copeland, Semler & Stair, Wade K. Copeland, J. Floyd Thomas*, for appellees.