A96A0598. ELDRIDGE et al. v. ARONSON et al.
(472 SE2d 497)

Judge Harold R. Banke.

Bill and Jane Eldridge, the custodial parents of David Eldridge, sought damages under OCGA § 51-1-18 (a) against Mark and Patricia Aronson for allegedly furnishing alcoholic beverages to their underage son without their permission. The Eldridges appeal the trial court's grant of Mark Aronson and Patricia Aronson's separate motions for summary judgment.

Summary judgment is appropriate when the court, viewing all the evidence and drawing reasonable inferences in a light most favorable to the non-movant, concludes that the evidence does not create a triable issue as to each essential element of the case. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Viewed in that light, the evidence was as follows. On the afternoon of March 11, 1989, Justin Gross, age 16, accompanied Patricia Aronson to a liquor store where she purchased a substantial quantity of alcoholic beverages including at least two boxes of wine coolers and six or seven cases of beer including Foster's Lager. Gross helped Aronson take the alcoholic beverages to the Aronsons' residence, allegedly bought for a party to be held that night for high school friends of Jason Aronson. Gross testified that on previous occasions he had observed both Aronsons serve alcohol to high school students. Although Patricia Aronson

was present at the party, Mark Aronson was not. Gross testified that Patricia Aronson was serving beer, that she encouraged the students to help themselves to the beer in the refrigerator, and was standing by the refrigerator as David Eldridge, age 16, took out a Foster's Lager. Gross stated that he observed David Eldridge consume at least two Fosters that night at the Aronsons' house. Patricia Aronson denied serving David Eldridge any alcoholic beverages.[1]

The trial court granted summary judgment to Mark Aronson based primarily on evidence that he was out of town on March 11, 1989, and had no knowledge of the party being held at his house. Relying on OCGA § 51-1-40 (d), and concluding that " 'a provider of alcoholic beverages cannot be held liable to a consumer of alcoholic beverages for injuries sustained as a result of such consumption,' " the trial court determined that both Aronsons were entitled to summary judgment as a matter of law. *Held*:

1. The trial court erroneously granted summary judgment to Patricia Aronson. OCGA § 51-1-18 (a) is a statutory tort vesting a right to a cause of action to custodial parents of a minor child against anyone who sells or furnishes alcoholic beverages to and for the use of their minor child without the parent's permission. "The purpose of the statute is to prevent the furnishing of alcoholic beverages to underage children in the absence of parental consent." *Stepperson, Inc. v. Long*, 256 Ga. 838, 839 (1) (353 SE2d 461) (1987). See *Wright v. Smith*, 128 Ga. 432, 433 (57 SE 684) (1907) (recovery of both general and special damages authorized by this tort action). It is undisputed that the Eldridges were the custodial parents of David Eldridge and that neither gave permission for the Aronsons to supply David with alcoholic beverages. Whether the Aronsons furnished David Eldridge alcohol for his use is a disputed issue of material fact.

We reject the Aronsons' contention that the Eldridges' recovery is foreclosed by OCGA § 51-1-40 which precludes recovery by a consumer against a provider. That statute has no application under these facts because the alleged consumer (David Eldridge) did not bring an action for damages and is not a party. See OCGA § 51-1-40; compare *Sutter v. Hutchings*, 254 Ga. 194 (327 SE2d 716) (1985) (decided prior to the legislative enactment of limited statutory liability under OCGA § 51-1-40). Here, the parents are seeking damages in their own right for an alleged violation of the statutory prohibition against furnishing alcoholic beverages to a minor.

The Aronsons' reliance on *Burch v. Uokuni Intl.*, 192 Ga. App. 861 (386 SE2d 889) (1989) is misplaced because in that case, the

---

[1] Bill Eldridge individually and as administrator of his son's estate filed a separate federal action against various Cobb County law enforcement officials to recover for damages allegedly sustained when David Eldridge was beaten by the police.

child involved was 19 years old, not a minor, and recovery by the father pursuant to OCGA § 51-1-18 was barred because his son had attained the age of majority. *Burch*, 192 Ga. App. at 862. OCGA § 51-1-18 (a). Moreover, the father's attempt to recover expenses incurred on his son's behalf as a result of the accident was a thinly veiled attempt to circumvent the prohibition against a consumer of alcohol recovering against a provider. *Burch*, 192 Ga. App. at 862. Whereas, in this case, the Eldridges seek damages in their own right as parents. *Steedley v. Huntley's Jiffy Stores*, 209 Ga. App. 23, 24 (3) (432 SE2d 625) (1993) does not demand a different result because in that case the minor and his parents sought to recover damages for the minor's injuries suffered in a serious motor vehicle collision. Compare *Wright*, 128 Ga. at 433.

By holding as it did, the trial court judicially abolished the Eldridges' statutory right to bring suit under OCGA § 51-1-18 (a). To eliminate the parental cause of action is to abolish by judicial fiat what the legislature chose to permit. As recently as 1988, the legislature indicated its interest in continuing the viability of this tort action by rewriting the parental right of recovery in gender neutral terms. For these reasons, we reverse summary judgment.

2. Mark Aronson was not entitled to summary judgment because material issues of disputed fact remain unresolved. To avoid summary judgment, the Eldridges had to present some evidence that Mark Aronson "furnished" alcohol to their son David. "As used in the liquor laws, 'furnish' means to provide in any way, and includes giving as well as selling." Black's Law Dictionary (5th ed.). The evidence showed that Mark Aronson had served alcohol to high school students on several previous occasions, and Aronson admitted that he had purchased alcohol for his son and friends to drink on at least one other occasion. Moreover, this was not the first party at the Aronsons' home where alcohol was served to minors. Patricia Aronson testified that with her husband's knowledge, she regularly purchased alcoholic beverages from a joint account financed by his business. The fact that Mark Aronson did not personally attend the party does not settle the question of whether he "furnished" alcoholic beverages within the meaning of the law. Because there are unresolved issues of disputed material fact, summary judgment must be reversed. *Lau's Corp.*, 261 Ga. at 491.

*Judgment reversed. Pope, P. J., and Andrews, J., concur.*

DECIDED JUNE 6, 1996 — 

*Adele L. Grubbs, Amelia G. Pray*, for appellants.

*Downey & Cleveland, Rodney S. Shockley*, for appellees.