A04A1593. MOWELL v. MARKS et al.

(603 SE2d 702)

RUFFIN, Presiding Judge.

Sherry Mowell sued Rosanne Marks, Britt Wayne Oxford, and Benjamin Nelson for the wrongful death of her daughter, Kirby. All three defendants moved to dismiss portions of Mowell's amended complaint for failure to state a claim. The trial court granted the motions, entering a partial final judgment for these defendants as to certain claims. Mowell appeals, and for reasons that follow, we affirm.

"A trial court should grant a motion to dismiss only when, assuming the allegations in the complaint are true, the plaintiff would not be entitled to any relief under the facts as stated and the defendant demonstrates that the plaintiff could not introduce evidence that would justify granting the relief sought."[1] We review a trial court's order dismissing a plaintiff's complaint de novo.[2]

Mowell's amended complaint alleges that, on August 11, 2000, 16-year-old Kirby attended a party at Marks' home. Oxford, Nelson, and Marks' daughter, Jessica, prepared for the party in Marks' presence. Marks knew that the party would be attended by minors and persons under 21 years of age.

Before the party began, Oxford and Nelson, who were minors, obtained two kegs of beer, and Marks instructed them where to place the kegs for the party. As party guests entered the house, Oxford and Nelson gave plastic cups to those who wanted to drink beer from the kegs. To defray the cost of the beer, the hosts solicited monetary contributions from the guests.

Kirby arrived at the party around 8:00 p.m., obtained a plastic cup from either Oxford or Nelson, and drank beer from the kegs. Approximately three hours later, Kirby attempted to drive herself home from the party, but lost control of her car, which rolled over.[3] Kirby died in the crash, and autopsy results later revealed that she

---

[1] *Moore v. BellSouth Mobility*, 243 Ga. App. 674, 675 (534 SE2d 133) (2000).

[2] See id.

[3] Mowell also alleged that, at approximately 9:45 p.m., Kirby and two other teenaged girls left the party to buy beer at a convenience store. Although minors, they managed to purchase the beer, then returned to the party, where Kirby consumed some of the beer. Based on such allegations, Mowell included in her complaint claims against the convenience store and the clerk who sold beer to the girls. Those claims are not at issue in this appeal.

had a blood alcohol level of 0.16.

Mowell sued Marks, Oxford, and Nelson, raising claims relating to Kirby's death. As to each defendant, Mowell alleged "Dram Shop" liability under OCGA § 51-1-40 (Counts 4 and 5). In the alternative, she asserted that the defendants are liable to her under general negligence principles for serving beer or permitting beer to be served to Kirby, a minor whom they knew or should have known would soon be driving (Counts 7 and 8). Marks, Oxford, and Nelson moved to dismiss these claims, arguing that they are not liable for Kirby's death under OCGA § 51-1-40 or ordinary negligence principles. The trial court agreed and dismissed Counts 4, 5, 7, and 8 for failure to state a claim upon which relief can be granted.

On appeal, Mowell does not argue that we must treat her Dram Shop and negligence claims differently. She apparently concedes that both classes of claims should be analyzed under Dram Shop principles.[4] And, as discussed below, OCGA § 51-1-40 (b) precludes recovery.

The General Assembly has declared that "the consumption of alcoholic beverages, rather than the sale or furnishing or serving of such beverages, is the proximate cause of any injury, including death and property damage, inflicted by an intoxicated person upon himself or upon another person."[5] In other words, the intoxicated person — rather than a seller or provider of alcohol — is liable for any injury or damage he or she causes.[6]

This general rule has limited exceptions, including one relating to underage drinkers. Under OCGA § 51-1-40 (b), one who "willfully, knowingly, and unlawfully sells, furnishes, or serves alcoholic beverages to a person who is not of lawful drinking age, knowing that such person will soon be driving a motor vehicle . . . may become liable for injury or damage caused by or resulting from the intoxication of such minor." Based on this exception, Mowell argues that the actions of Marks, Oxford, and Nelson can be viewed as the proximate cause of Kirby's death, subjecting them to liability.

We disagree. Although OCGA § 51-1-40 (b) potentially imposes liability on a person who provides alcohol to a minor, that subsection further states that "[n]othing contained in this Code section shall authorize the consumer of any alcoholic beverage to recover from the provider of such alcoholic beverage for injuries or damages suffered

[4] See *Kappa Sigma Intl. Fraternity v. Tootle*, 221 Ga. App. 890, 893 (2) (473 SE2d 213) (1996) (OCGA § 51-1-40 (b) governs negligence claims based on allegations that the defendant negligently provided alcohol to an individual who later drove and/or allowed the individual to drive under the influence of alcohol).

[5] OCGA § 51-1-40 (a).

[6] See *Lumpkin v. Mellow Mushroom*, 256 Ga. App. 83, 85 (567 SE2d 728) (2002).

by the consumer." Thus, an alcohol provider may be the proximate cause of injuries to third parties resulting from the intoxicated minor's operation of a car.[7] But the provider is *not* liable for injuries suffered by the minor.[8] The rationale behind this rule relates to the alcohol consumer's own duty to exercise ordinary care:

> As between provider and consumer, the consumer has the last opportunity to avoid the effect of the alcohol, by not drinking or not driving, and thus as between the two, the negligence of the consumer is the greater. Hence, notwithstanding the fact that the provider as well as the consumer should foresee the possibility of injury to the consumer, the consumer cannot recover for his injuries from the provider.[9]

Trying to avoid this "consumer defense," Mowell asserts that Kirby — the alcohol consumer — has not filed a claim relating to her injuries. Mowell further argues that OCGA § 51-1-40 (b) "does not prohibit parents or persons other than consumers for suing for damages." Noting that her wrongful death claim is distinct from any claim her daughter's estate might have for Kirby's pain and suffering,[10] Mowell thus contends that she is pursuing her own cause of action, rather than the claims of Kirby, the consumer.

Under Georgia law, however, "a suit for wrongful death . . . is derivative to the decedent's right of action."[11] A survivor cannot recover for the decedent's wrongful death if the decedent could not have recovered in his or her own right.[12] As we have found:

> [a]lthough it is true that the action created by the wrongful death statute is different from the cause of action which the decedent would have possessed had he lived, any defense which would have been good against the decedent is good against his representatives in a wrongful death action. Thus, no recovery could be had unless the deceased in his lifetime could have maintained an action for damages for the injury to him, and . . . any defenses good as against the deceased would

---

[7] See *Steedley v. Huntley's Jiffy Stores*, 209 Ga. App. 23 (2) (432 SE2d 625) (1993).

[8] See id.

[9] Id. at 24 (noting that, although this rule existed prior to the enactment of OCGA § 51-1-40, the statute did not change the rule).

[10] See *Smith v. Mem. Med. Center*, 208 Ga. App. 26, 27 (1) (430 SE2d 57) (1993).

[11] (Punctuation omitted.) *Atlanta Cas. Co. v. Gordon*, 266 Ga. App. 666, 667 (598 SE2d 70) (2004).

[12] See id.; *Turner v. Walker County*, 200 Ga. App. 565, 566 (1) (408 SE2d 818) (1991).

be good as against the action brought by the beneficiaries.[13]

Pursuant to OCGA § 51-1-40 (b), Kirby would not have been able to recover for any injuries she sustained in the car wreck. We fail to see, therefore, how Mowell can recover.

On appeal, Mowell argues that any consumer defense based on OCGA § 51-1-40 (b) is procedural, rather than substantive, and should not apply derivatively to bar her claim. Pretermitting whether procedural and substantive defenses should be treated differently in this situation, we cannot agree that the consumer defense is procedural. As noted above, the rationale behind this defense involves both the consumer's ability to avoid the harm and the consumer's greater level of negligence with respect to the alcohol provider. Thus, the defense incorporates substantive comparative and contributory negligence principles.[14] And such principles apply derivatively to wrongful death claims.[15]

Citing our opinion in *Eldridge v. Aronson*,[16] Mowell claims that we have previously found the consumer defense to be a procedural "standing question." The *Eldridge* opinion does no such thing. In *Eldridge*, the claimants sued two individuals who allegedly provided alcohol to the claimants' minor son. They did not bring suit under OCGA § 51-1-40, but instead based their claim on OCGA § 51-1-18 (a), which gives a parent "a right of action against any person who . . . sell[s] or furnish[es] alcoholic beverages to that parent's underage child for the child's use without the permission of the child's parent."[17] Although we noted in *Eldridge* that the consumer defense in

---

[13] (Punctuation omitted.) Id.

[14] See *Bridges Farms v. Blue*, 267 Ga. 505 (480 SE2d 598) (1997) ("Under the comparative-negligence doctrine of this state, . . . 'where the negligence of the plaintiff and the defendant are equal, or the negligence of the plaintiff is more than that of the defendant, the plaintiff could not recover.'") (citation omitted); *Daniel v. Smith*, 266 Ga. App. 637, 641-642 (4) (597 SE2d 432) (2004) ("'As a matter of contributory negligence, it is the rule in this state that, if the plaintiff, in the exercise of ordinary care, could have avoided the accident, he is denied recovery. However, in all other cases, Georgia law's comparative-negligence rule is that if the plaintiff's negligence was less than the defendant's, the plaintiff is not denied recovery although his damages shall be diminished by the jury in proportion to the degree of fault attributable to him.'").

[15] See *Powell v. Alan Young Homes*, 251 Ga. App. 72, 76 (2) (554 SE2d 186) (2001) (trial court did not err in submitting issues of decedent's comparative and contributory negligence to jury in wrongful death case); *North Ga. Elec. Membership Corp. v. Webb*, 246 Ga. App. 316, 320 (2) (540 SE2d 271) (2000) (jury question raised in wrongful death suit regarding contributory negligence of plaintiff's decedent); *Norman v. Williams*, 220 Ga. App. 367, 370-371 (4) (469 SE2d 366) (1996) (trial court properly charged jury on comparative negligence principles in wrongful death case where evidence supported a finding of substantial negligence on the part of decedent).

[16] 221 Ga. App. 662 (472 SE2d 497) (1996).

[17] In her amended complaint, Mowell asserted claims against Marks, Oxford, and Nelson for violation of OCGA § 51-1-18 (a). The defendants did not move to dismiss those claims, which are not at issue in this appeal.

OCGA § 51-1-40 (b) does not bar a parent's claim under OCGA § 51-1-18, nothing in that opinion authorizes Mowell's wrongful death claim or characterizes a defense based on OCGA § 51-1-40 (b) as procedural.[18]

Mowell further argues that policy considerations should preclude application of the consumer defense to her wrongful death claim. To support this argument, she cites case law in which we declined to apply the interspousal tort immunity defense derivatively to a wrongful death claim because, given the particular case facts, the policy reasons underlying the immunity rule no longer applied.[19] We are not persuaded by Mowell's argument. Through clear and explicit language, the General Assembly refused to subject an alcohol provider to liability under OCGA § 51-1-40 for injuries suffered by an alcohol consumer. We see no reason why this rule — and the comparative/contributory negligence rationale behind it — should not apply to a derivative wrongful death claim.[20]

Finally, Mowell argues that the legislature's failure to specifically include wrongful death claims within the consumer defense indicates that such claims are not barred. As support, she cites the "estate or survivors" language in OCGA § 51-1-40 (d), which provides:

No person who owns, leases, or otherwise lawfully occupies a premises, except a premises licensed for the sale of alcoholic beverages, shall be liable to any person who consumes alcoholic beverages on the premises in the absence of and without the consent of the owner, lessee, or lawful occupant or to any other person, *or to the estate or survivors of either*, for any injury or death suffered on or off the premises, including damage to property, caused by the intoxication of the person who consumed the alcoholic beverages.[21]

---

[18] See *Eldridge*, supra at 663 (1). Mowell's reliance on *Soerries v. Dancause*, 248 Ga. App. 374 (546 SE2d 356) (2001), is similarly misplaced. In *Soerries*, we considered whether the claimant presented sufficient evidence to pierce the corporate veil, not whether a parent of an intoxicated minor can sue a provider of alcohol for the minor's injuries or death under OCGA § 51-1-40.

[19] See *Trust Co. Bank v. Thornton*, 186 Ga. App. 706, 710 (368 SE2d 158) (1988); see also *Smith v. Rowell*, 176 Ga. App. 100, 101 (335 SE2d 461) (1985) (questions of fact remained as to whether interspousal tort immunity doctrine should bar wrongful death claim).

[20] Compare *Thornton*, supra at 707-708, 710 (after both spouses died in the crash of an airplane piloted by the husband, the wife's parents sued the husband's estate for the wife's wrongful death; Court found that interspousal tort immunity doctrine did not bar the wrongful death claim because the policy reasons behind the immunity doctrine – preservation of marital harmony and preventing collusive lawsuits between spouses – no longer applied).

[21] (Emphasis supplied.)

According to Mowell, because the legislature included claims by "the estate or survivors" in OCGA § 51-1-40 (d), but not in subsection (b), it did not intend to bring wrongful death claims within the consumer defense. We disagree. "It is presumed that the legislature knows and enacts statutes with reference to the existing law, including the decisions of the courts."[22] Under clear Georgia law, wrongful death claims are derivative. And nothing in OCGA § 51-1-40 (b) suggests that the legislature intended to exempt such claims from the consumer defense. Furthermore, given the legislature's overarching declaration that an intoxicated individual generally is the proximate cause of injuries resulting from the intoxication,[23] as well as the comparative/contributory negligence rationale behind the consumer defense, we cannot conclude that the language in OCGA § 51-1-40 (d) evidences such intent.[24]

OCGA § 51-1-40 (b) bars Mowell's wrongful death claims against Marks, Oxford, and Nelson. Accordingly, the trial court properly dismissed Counts 4, 5, 7, and 8 of Mowell's amended complaint.

*Judgment affirmed. Eldridge and Adams, JJ., concur.*

## DECIDED AUGUST 13, 2004.

*Frankel & Associates, Craig M. Frankel, Tamisa N. Wertz*, for appellant.

*Hawkins & Parnell, William H. Major III, Nathan T. Lee, Gray, Hedrick & Edenfield, Lloyd B. Hedrick, Jr.*, for appellees.

---

[22] (Punctuation omitted.) *In the Interest of B. C. P.*, 229 Ga. App. 111, 115 (3) (493 SE2d 258) (1997).

[23] See OCGA § 51-1-40 (a).

[24] See *Kemp v. City of Claxton*, 269 Ga. 173, 175 (1) (496 SE2d 712) (1998) ("The cardinal rule of statutory interpretation is to ascertain the legislative intent, 'keeping in view at all times the old law, the evil, and the remedy.' ").