A05A2168. MOWELL v. MARKS et al.
(627 SE2d 141)

MIKELL, Judge.

The trial court granted summary judgment to Rosanne B. Marks, Benjamin Nelson, and Britt Wayne Oxford on Sherry J. Mowell's claim that Marks, Nelson, and Oxford furnished alcoholic beverages

---

to Mowell's underage daughter, Kirby, who died in a single car collision while trying to drive home from a party at Marks's home at which alcohol was served.[1] Mowell's claim is based on OCGA § 51-1-18 (a), which grants a custodial parent a right of action against any person who sells or furnishes alcoholic beverages to the parent's underage child for the child's use without the parent's permission. Mowell asserts that the trial court erred because (i) there was a genuine issue of fact with regard to the defendants' liability under OCGA § 51-1-18 (a), and (ii) Mowell could recover damages. We agree and reverse.

1. On appeal of a grant of summary judgment, we review the evidence de novo and determine if the trial court erred in concluding that no genuine issue of material fact remains and that the party was entitled to judgment as a matter of law. See OCGA § 9-11-56 (c); *Rubin v. Cello Corp.*, 235 Ga. App. 250 (510 SE2d 541) (1998). "Summary judgment is appropriate when the court, viewing all the facts and evidence and reasonable inferences from those facts in a light most favorable to the non-movant, concludes that the evidence does not create a triable issue as to each essential element of the case. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991)." (Citation and punctuation omitted.) *Rubin*, supra at 251.

So viewed, the evidence shows that on the evening of August 11, 2000, 16-year-old Kirby drove to Marks's home to attend a party hosted by Marks's 16-year-old daughter, Jessica, for Jessica's high school friends. Nelson and Oxford, who were also minors, brought two kegs of beer to the party, and they made the beer available to anyone who attended.

Although Marks left her house shortly after the party began, she was at home when Nelson and Oxford arrived with the kegs. She asked the boys to put the kegs in her garage, and she provided a tablecloth or sheet to place the kegs on. She told Nelson that he should use a glove or a cloth around his hands before handling the dry ice he purchased to keep the kegs cold, and that he should "watch over things" while he was there. Marks later pled guilty to criminal charges of furnishing alcohol to persons under 21 years of age in connection with the evening's events.

Sometime after arriving at the party, Kirby drove with some friends to a local convenience store, bought four "12-packs," or forty-eight beers, and then returned. Later, Kirby tried to drive home, but she died in a single car crash.

---

[1] The trial court previously dismissed Mowell's negligence and "Dram Shop" liability claims as to Marks, Nelson, and Oxford, and we affirmed the order on appeal. See *Mowell v. Marks*, 269 Ga. App. 147 (603 SE2d 702) (2004).

The parties dispute whether Kirby arrived at the party before the two kegs went dry. Nelson deposed that Kirby arrived at the party around 9:00 p.m., just after the last keg was exhausted. However, Kirby's friend Shannon, who drove to the party with Kirby, deposed that they arrived between 6:45 and 7:00 p.m., and that they were at the party for a couple of hours before the kegs ran out. Thus the evidence, viewed in a light most favorable to Mowell, shows that Kirby was at the party when the keg beer was available.

The parties also dispute whether there is any evidence that Kirby drank the keg beer. However, Shannon saw Kirby drinking from a red cup, and, according to Nelson, partygoers were required to get a red cup from Oxford before drinking from the kegs. Although Shannon could not remember Kirby dispensing beer from the kegs, when asked "[d]id you see . . . Kirby drinking any keg beer," she responded, "Kirby, yes." As there was no evidence of other kegs at the party, a jury could conclude that the keg beer Shannon saw Kirby drinking came from the kegs supplied by Nelson and Oxford. Shannon also deposed that "we," which the jury could reasonably infer included Kirby, "decided to go to the store to get beer because the keg had ran out," which is consistent with Kirby having consumed the keg beer while the beer was available.

Nelson and Oxford contend that regardless of whether there is evidence that Kirby drank the keg beer, they are entitled to summary judgment because there is no evidence that they intended to provide any alcohol to Kirby. "Under the statute, selling or furnishing liquor to the minor child of another is an intentional tort. It is almost redundant to state that an essential element of an intentional tort is intent to commit the act." *Reeves v. Bridges*, 248 Ga. 600, 603 (284 SE2d 416) (1981). However, evidence shows that Nelson and Oxford made the keg beer available to anyone at the party, they knew that the partygoers were high school students, and they knew that Kirby was at the party. This is sufficient to show intent to provide alcohol to Kirby. See *Eldridge v. Aronson*, 221 Ga. App. 662, 663-664 (472 SE2d 497) (1996) (defendant hostess was not entitled to summary judgment on plaintiff's claim under OCGA § 51-1-18 (a) where plaintiff's minor son was seen taking a "Fosters Lager" from the defendants' refrigerator after the hostess had encouraged partygoers to "help themselves to the beer in the refrigerator").

Marks contends that she is entitled to summary judgment because she was not at home when Kirby drank alcohol, she did not know Kirby was coming to her home, and she did not purchase or serve any alcohol that was consumed by Kirby. We disagree. In *Eldridge*, supra, the plaintiff claimed that Mark Aronson furnished alcohol to the plaintiff's minor son at a party hosted by Aronson's wife. Id. at 662-663. Evidence showed that Aronson did not attend the

party at his home and that he had no knowledge of the party, but that he had served alcohol in his home to minors in the past and knew that his wife regularly purchased alcohol from a joint account funded by his business. Id. at 664 (2). Finding that "[a]s used in the liquor laws, 'furnish' means to provide in any way," we concluded that there remained unresolved issues of material fact precluding the grant of summary judgment to Aronson. Id. Thus, given our analysis in *Eldridge*, evidence that Marks was not at home during her daughter's party or did not know that Kirby in particular would be in attendance at the party does not preclude a jury from concluding that Marks intended to furnish alcohol to Kirby within the meaning of OCGA § 51-1-18 (a).

Marks points out that, unlike in *Eldridge*, there is no evidence that she approved the use of her funds to purchase alcohol for minors. However, Marks pled guilty to a criminal charge of furnishing alcohol to persons under 21 years of age, which is evidence of her knowing involvement in furnishing the alcohol. See OCGA § 3-3-23 (a) (1) ("[n]o person knowingly, directly or through another person, shall furnish, cause to be furnished, or permit any person in such person's employ to furnish any alcoholic beverage to any person under 21 years of age"). See generally *Setliff v. Littleton*, 264 Ga. App. 711, 714 (2) (592 SE2d 180) (2003) (guilty plea is an admission against interest admissible in a civil action for damages). From this admission, and evidence that Marks assisted Nelson and Oxford in readying kegs for what she knew would be a party attended by her daughter's high school friends, a jury could conclude that Marks intended to furnish alcohol to the minor attendees, which included Kirby. Compare *McNamee v. A. J. W.*, 238 Ga. App. 534, 537 (2) (b) (519 SE2d 298) (1999) (McNamees did not provide alcohol to plaintiff's minor daughter for purposes of OCGA § 51-1-18 (a) where the McNamees were not at home when plaintiff's minor daughter came to their house, they were unaware she would be coming to their house, and there was no evidence that they had previously provided alcohol to their son and his friends). In light of the foregoing, we conclude that material issues of fact remain as to whether Marks, Nelson, and Oxford furnished alcohol to Kirby within the meaning of OCGA § 51-1-18 (a).

2. Mowell also disputes Marks, Nelson, and Oxford's claim that they are entitled to summary judgment because Mowell cannot recover damages. In particular, Marks, Nelson, and Oxford argue that (i) Mowell admitted to the trial court that she was seeking damages under OCGA § 51-12-6 only, (ii) Mowell secured a judgment for other damages in her tort action, which precludes an additional recovery of OCGA § 51-12-6 damages, and (iii) there is no evidence that they acted wilfully and maliciously, which Mowell must show in order to recover OCGA § 51-12-6 damages. We disagree and conclude

that Marks, Nelson, and Oxford have not established as a matter of law that Mowell cannot recover damages.

For purposes of this case, Mowell has conceded that she is only entitled to damages under OCGA § 51-12-6. See generally *Stepperson, Inc. v. Long*, 256 Ga. 838, 840-843 (2) (353 SE2d 461) (1987) (OCGA § 51-12-6 damages are available for cause of action under OCGA § 51-1-18). OCGA § 51-12-6 provides: "In a tort action in which the entire injury is to the peace, happiness, or feelings of the plaintiff, no measure of damages can be prescribed except the enlightened consciences of impartial jurors."

Marks, Nelson, and Oxford contend that Mowell's "entire injury" cannot be to her peace, happiness, or feelings because Mowell obtained a judgment including punitive and compensatory damages against two other defendants, Rahib Momin and Torey Business, Inc., in this tort action. However, they do not dispute Mowell's contention that her claims against Momin and Torey Business were based on Kirby's purchase of beer from the convenience store. In such case, Mowell could also recover damages for the separate tort of providing alcohol to Kirby at the party. See, e.g., *Alternative Health Care Systems v. McCown*, 237 Ga. App. 355, 356 (2) (a) (514 SE2d 691) (1999) ("a jury may award different measures of damages on multiple claims if the evidence establishes several distinct torts") (citation omitted).

Marks, Nelson, and Oxford also contend that there is no evidence that they acted in a wilful, malicious, or wanton manner. We disagree.

> A form of general damages is recoverable for injury to peace, happiness, or feelings of the plaintiff in the enlightened consciences of impartial jurors when the wrongful conduct has been intentional, wilful, or wanton, which is another way to achieve approbation and penitence through a verdict and damages in some amount when there has been no physical contact or special damages. OCGA § 51-12-6.

(Citation omitted.) *Land v. Boone*, 265 Ga. App. 551, 553 (a) (594 SE2d 741) (2004). See also *Little v. Chesser*, 256 Ga. App. 228, 231 (2) (568 SE2d 54) (2002) ("Ga. L. 1987, p. 915, § 6, codified as OCGA [§] 51-12-6, repealed vindictive damages as a punitive damage and recreated such damages to the peace and happiness as a general damage, measured in the enlightened consciences of impartial jurors") (citation and punctuation omitted). Inasmuch as we found in Division 1 that material issues of fact remain as to whether Marks, Nelson, and Oxford furnished alcohol to Kirby within the meaning of

OCGA § 51-1-18 (a), such wrongful conduct is necessarily intentional, and it follows that Mowell is not precluded from recovering damages under OCGA § 51-12-6.

*Judgment reversed. Andrews, P. J., concurs in judgment only and Phipps, J., concurs.*

DECIDED FEBRUARY 8, 2006.

*Gaslowitz & Frankel, Craig M. Frankel, Tamisa N. Wertz,* for appellant.

*Gray, Hedrick & Edenfield, Lloyd B. Hedrick, Jr., Hawkins & Parnell, William H. Major III, Glover & Davis, Nathan T. Lee,* for appellees.