A07A0252. PENNY et al. v. McBRIDE et al.

(639 SE2d 561)

BLACKBURN, Presiding Judge.

Jane and Michael Penny appeal the trial court's denial of their motion to dismiss the personal injury action brought by Gary and Jill McBride under OCGA § 51-1-18 (a) for damages caused by the Pennys' service of alcohol to the McBrides' 20-year-old daughter, who died when she drunkenly drove her car into a tree after leaving the Pennys. The Pennys argue that because the daughter was older than 18, the action is barred. We agree and reverse.

The standard of review on a motion to dismiss is clear.

> We review a grant [or denial] of a motion to dismiss to determine whether the allegations of the complaint, when construed in the light most favorable to the plaintiff, and with all doubts resolved in the plaintiff's favor, disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts. A trial court's ruling on a motion to dismiss is subject to de novo review on appeal.

(Citations and punctuation omitted.) *Hoque v. Empire Fire &c. Ins. Co.*[1]

So construed, the allegations of the complaint show that the McBrides' 20-year-old daughter attended a social event sponsored by the Pennys, who provided alcohol to the daughter without the consent of the McBrides. Under the influence of a 0.179 blood alcohol level, the daughter drove away from the Pennys and ran a stop sign, jumped a curb, and struck a tree, resulting in her death. The McBrides brought the present lawsuit against the Pennys, seeking damages and attorney fees.

The Pennys moved to dismiss the complaint for failure to state a claim, arguing that the applicable statute (OCGA § 51-1-18 (a)) barred parental actions where the child to whom the alcohol was

---

[1] *Hoque v. Empire Fire &c. Ins. Co.*, 281 Ga. App. 810, 811 (637 SE2d 465) (2006).

given was 18 or older and that a related statute (OCGA § 51-1-40) did not allow recovery to the parents where their child was the consumer of the alcohol. Conceding that OCGA § 51-1-40 did not allow recovery,[2] the McBrides responded that OCGA § 51-1-18 (a) authorized recovery to parents for damages caused by the service of alcohol to a son or daughter under 21. After a hearing, the court denied the Pennys' motion. We granted the Pennys' application for an interlocutory appeal.

OCGA § 51-1-18 (a) provides: "The custodial parent or parents shall have a right of action against any person who shall sell or furnish alcoholic beverages to that parent's underage child for the child's use without the permission of the child's parent." "The purpose of the statute is to prevent the furnishing of alcoholic beverages to underage children in the absence of parental consent." (Punctuation omitted.) *Eldridge v. Aronson.*[3]

The question before us is whether OCGA § 51-1-18 (a) authorizes recovery to parents of a child who is 18 or older (the age of majority — see OCGA § 39-1-1 (a)) but is under 21, the age for drinking (see OCGA § 3-3-23 (a)). In 1989, *Burch v. Uokuni Intl.*[4] answered this question with a resounding "no." *Burch* first noted that the statute had been recently amended, with the former version (applicable to *Burch*'s facts) giving the right of action to "a father or, if the father is dead, a mother," and the current version giving the right of action to "the *custodial* parent or parents." (Punctuation omitted.) Id. at 862. Construing the current version of OCGA § 51-1-18 (a), *Burch* focused on the word "custodial" and concluded that parents unquestionably would have no right of action for damages arising out of service of alcohol to a child over the age of majority, "[b]ecause an individual who is over the legal age of majority obviously is no longer under the custody and control of either parent, see OCGA § 19-7-1 (a)." Id. Interpreting then the former version of the statute, *Burch* reasoned that "because a parent's statutory obligation to support his or her child ends after the child has attained the legal age of majority, we hold that the former version of OCGA § 51-1-18 similarly cannot be construed as conferring a right of action upon the appellant to recover the legal, medical, and other expenses which he incurred on his son's behalf." Id.

---

[2] OCGA § 51-1-40 (b) prevents the consumer of alcohol from recovering from the provider of alcohol for the consumer's own injuries. Because the daughter could not recover from the Pennys, neither could her parents recover for her wrongful death under this statute. See *Southland Butane Gas Co. v. Blackwell*, 211 Ga. 665, 666 (88 SE2d 6) (1955).

[3] *Eldridge v. Aronson*, 221 Ga. App. 662, 663 (1) (472 SE2d 497) (1996).

[4] *Burch v. Uokuni Intl.*, 192 Ga. App. 861 (386 SE2d 889) (1989).

Thus, the McBrides' various arguments that parents' statutory support obligations may now include the eighteenth and nineteenth years of a child's life (where ordered by a court — see OCGA § 19-6-15 (e))[5] or that they are seeking damages other than legal and medical expenses, are all irrelevant to the present case, for such arguments pertain to the construction of the former version of OCGA § 51-1-18 (a). As held by *Burch*, the current version, which refers to "custodial" parents, is plainly clear that it does not allow recovery to parents who by law do not have custody of their adult children. *Burch*, supra, 192 Ga. App. at 862.

In at least two other cases, we have affirmed this conclusion. See *Hansen v. Etheridge*[6] ("OCGA § 51-1-18 (a), which gives a right of action to custodial parents against any person for serving alcohol to their underage children, does not apply because [the child] was 18 and no longer a minor"); *Eldridge*, supra, 221 Ga. App. at 664 (1) ("recovery by the father pursuant to OCGA § 51-1-18 was barred because his son had attained the age of majority"). Cf. *Steedley v. Huntley's Jiffy Stores*.[7] We see no reason to overrule any of these precedents.

The McBrides argue, however, that a 1990 change to the statute governing gift transfers to minors (see OCGA § 44-5-110 et seq.), which change for purposes of that statute defined "adults" as those 21 and older and "minors" as those under 21 (OCGA § 44-5-111 (1) and (11)), should somehow affect our construction of OCGA § 51-1-18 (a). As these definitions pertain only to the construction of the Georgia Transfers to Minors Act, and not to statutes governing custodial situations, we see no justification to permit this amendment of an unrelated statute to affect our above analysis of OCGA § 51-1-18 (a).

Because the McBrides' daughter, as alleged in the complaint, was 20 at the time of the incident, the trial court should have granted the Pennys' motion to dismiss the McBrides' claims. Accordingly, we reverse.

*Judgment reversed. Ruffin, C. J., and Bernes, J., concur.*

DECIDED NOVEMBER 28, 2006 — 

*Downey & Cleveland, James T. Ponton, Russell B. Davis*, for appellants.

---

[5] Of course, this argument would not even pertain to the McBrides' daughter, who was 20.

[6] *Hansen v. Etheridge*, 232 Ga. App. 408, 409 (501 SE2d 517) (1998).

[7] *Steedley v. Huntley's Jiffy Stores*, 209 Ga. App. 23, 24 (3) (432 SE2d 625) (1993).