A08A1455. ABREU v. RAINEY et al.
(667 SE2d 434)

MIKELL, Judge.

We granted Aurelio Enrique Abreu's application for interlocutory appeal of the trial court's order denying his motions for summary judgment in these consolidated actions seeking damages under OCGA § 51-1-18 (a), which gives a custodial parent a right of action against any person who furnishes alcoholic beverages to his or her underage child without the parent's permission. Because Abreu was caught providing alcohol to the plaintiffs' underage children in an undercover "sting operation" to which the plaintiffs consented, we conclude that the underage children were furnished alcohol with their parents' permission. Accordingly, we reverse the judgment of the trial court.

---

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant or denial of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[1]

Properly construed, the evidence shows that in April 2006, Abreu was speaking with an acquaintance, Diane K. Rainey, in downtown Barnesville, when Rainey's 16-year-old daughter, K. L., and her girlfriend J. W., walked up and entered the conversation. At the time, Abreu was driving an antique car, a 1939 Plymouth, and Rainey agreed to allow the girls to go for a ride with him. The ride lasted longer than Rainey expected. According to Rainey, when Abreu returned and K. L. and J. W. got out of the car, they were giggling, and Abreu kept saying, "don't tell our secret." K. L. admitted that Abreu let her drive the car, and Abreu admitted that he knew that K. L. did not have a driver's license.

About an hour later, when the girls were riding home with Rainey, K. L. received a call on her cell phone from Abreu. K. L. and Abreu had exchanged numbers, which Rainey thought was odd. K. L. kept mentioning the word "secret." Later that day, K. L. confessed to her mother that Abreu had offered to buy beer for her and J. W. "if they ever needed" it.

Rainey told J. W.'s mother, Melinda L. Ingram, what had happened. At separate times, Rainey took K. L. and Ingram took J. W. to the Lamar County Sheriff's Office, where the girls and Rainey were interviewed. The sheriff, along with two detectives, decided to conduct a "sting operation" to see if Abreu would follow through with bringing beer to the girls. Rainey and Ingram participated and consented to K. L. and J. W. calling Abreu and asking him to bring them beer. On May 5, 2006, K. L. contacted Abreu and asked him to come over to Rainey's house and provide her and J. W. beer. The "sting operation" took place later that evening. Abreu was arrested when he showed up with a 12-pack of beer and walked into the house. Abreu later pleaded guilty to violating his oath of office,[2] providing alcohol to minors, and permitting an unlicensed person to drive his car.

Rainey and Ingram each brought suit against Abreu pursuant to OCGA § 51-1-18 (a), which provides: "[t]he custodial parent . . . shall

---

[1] (Citation omitted.) *McNamee v. A. J. W.*, 238 Ga. App. 534 (519 SE2d 298) (1999).

[2] Abreu was a municipal court judge.

have a right of action against any person who shall sell or furnish alcoholic beverages to that parent's underage child for the child's use without the permission of the child's parent." Abreu filed a motion for summary judgment in each action, contending, inter alia, that the parents gave permission for the underage girls to participate in the "sting operation" knowing they would be furnished alcohol; therefore, the alcohol was supplied to the girls with the permission of their parents. The trial court denied Abreu's motions, ruling that whether or not parental permission was given within the meaning of the statute was a disputed issue of material fact.[3] We reverse.

OCGA § 51-1-18 is not a strict liability statute.[4] "The purpose of the statute is to prevent the furnishing of alcoholic beverages to underage children in the absence of parental consent."[5] In the case at bar, the furnishing of alcohol was done with the consent of each custodial parent. Rainey testified that she understood the specifics of the sting operation. K. L. would call Abreu to ask him to bring her beer at Rainey's house, and four officers would wait inside the house to see if he showed up with the beer. Rainey deposed that she gave her consent to the sting operation in the presence of the sheriff and two detectives and that she consented to K. L. asking Abreu to bring her beer. Ingram similarly testified that she gave her consent for J. W. to participate in "being present and being involved with asking for alcohol from [Abreu]."

Rainey and Ingram contend that a question of fact remains because they did not communicate consent to Abreu to furnish their children the alcohol. We disagree.

> Statutes must be construed . . . so[ ] as to square with common sense and sound reasoning. It is the duty of the court to consider the . . . consequences of any proposed construction and not so construe a statute as will result in unreasonable or absurd consequences not contemplated by the legislature.[6]

Here, the parents willingly participated in a sting operation in which they anticipated that Abreu would attempt to serve alcohol to their underage children. To permit a parent in this circumstance to utilize OCGA § 51-1-18 (a) to sue the provider for "furnish[ing] alcoholic

---

[3] The cases were consolidated for trial.

[4] *Reeves v. Bridges*, 248 Ga. 600, 602 (284 SE2d 416) (1981).

[5] *Stepperson, Inc. v. Long*, 256 Ga. 838, 839 (1) (353 SE2d 461) (1987). Accord *Eldridge v. Aronson*, 221 Ga. App. 662, 663 (1) (472 SE2d 497) (1996).

[6] (Citation and punctuation omitted.) *City of Brunswick v. Atlanta Journal &c.*, 214 Ga. App. 150, 153 (3) (447 SE2d 41) (1994).

beverages to that parent's underage child . . . without the permission of the child's parent" would be unreasonable and would not serve the purpose of the statute.[7] It follows that the trial court erred in denying Abreu's motions for summary judgment.

*Judgment reversed. Smith, P. J., and Adams, J., concur.*

DECIDED SEPTEMBER 18, 2008.

*Alan W. Connell*, for appellant.

*Power & Cooper, Warren R. Power, Tamika L. Fluker*, for appellees.

---

[7] See *Stepperson*, supra at 839.