**THIRD DIVISION
DOYLE, P. J.,
MARKLE and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**August 26, 2025**

# In the Court of Appeals of Georgia

A25A1137. LEAVY v. CORNELIUS et al.

MARKLE, Judge.

Larry and Amanda Cornelius sued Clarence Howard Leavy, IV, for negligence after their teenage daughter was sexually assaulted at a party at Leavy's home, where the teenagers had been drinking alcohol. The trial court denied Leavy's motion to dismiss, and we granted interlocutory review. On appeal, Leavy argues that the trial court erred by denying the motion to dismiss because the claims are barred by the Dram Shop Act ("the Act"), OCGA § 51-1-40. For the reasons that follow, we agree and therefore reverse.

"This Court reviews de novo a trial court's ruling on a motion to dismiss for failure to state a claim, construing the pleadings in the light most favorable to the

plaintiff and with any doubts resolved in the plaintiff's favor, and viewing all well-pled allegations in the complaint as true[.]" (Citations and punctuation omitted.) *Zammit v. Hobson & Hobson*, 372 Ga. App. 174 (904 SE2d 23) (2024).

So viewed, the complaint alleged that, on New Year's Eve 2021, the Cornelius's then-fifteen-year-old daughter Jane Doe was invited to a party with friends that was being hosted by Leavy's son at the Leavy's home. On the way there, one of the boys Doe was with, Sean Mooney, stopped at a convenience store and purchased alcohol. Once they arrived at Leavy's home, Mooney gave Doe alcoholic drinks, and both she and Mooney became intoxicated. During the party, Mooney took Doe into one of the bedrooms and forced her to have sex.

The Corneliuses, on behalf of their daughter, sued Leavy, Mooney, and the convenience store.[1] As is relevant here, the Corneliuses alleged that Leavy was negligent for providing alcohol to minors and failing to supervise the guests on his property. They alleged that Leavy was chaperoning the party and knew the minors were consuming alcohol. They later amended the complaint to bring a single count of

---

[1] Mooney ultimately settled with the Corneliuses and was dismissed from the suit. The convenience store moved to dismiss the complaint, and the motion was denied. After we granted interlocutory review, the convenience store withdrew its appeal.

negligence, alleging that Leavy had a duty to "exercise reasonable care in ensuring that invitees are free from dangers," and that he breached that duty by failing to supervise the party, supplying alcohol, and allowing the underage guests to consume alcohol. They further alleged that his breach was the proximate cause of Doe's injuries.

Leavy moved to dismiss the complaint, arguing that the Act was the exclusive remedy and barred any claims for negligence and premises liability.[2] He noted that the provision of alcohol was the crux of their claim and, as such, the negligence claim failed as a matter of law. He further argued that the Corneliuses had not alleged negligence for furnishing alcohol to minors under OCGA § 51-1-18 .

Following a hearing, the trial court denied the motion to dismiss, finding that the complaint sufficiently alleged Leavy had furnished alcohol to minors, which was the proximate cause of Doe's injuries. The trial court granted the request for a

---

[2] He also argued that the Corneliuses lacked standing because Doe had since turned 18. Thereafter, the Corneliuses obtained leave to add their daughter as a plaintiff.

certificate of immediate review, and we granted the interlocutory appeal. Leavy's appeal followed.

Before we consider the arguments raised on appeal, we are mindful of our standard of review:

> A motion to dismiss for failure to state a claim upon which relief may be granted should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof, and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought.

(Citation omitted.) *Hendon Properties v. Cinema Dev., LLC*, 275 Ga. App. 434, 435 (620 SE2d 644) (2005). And, although we must accept the factual allegations as true, we are "not required to accept the legal conclusions the non-moving party suggests that those facts dictate." (Citation and punctuation omitted.) *Bankston v. RES-GA Twelve, LLC*, 334 Ga. App. 302, 304 (1) (779 SE2d 80) (2015). With these in mind, we turn to the arguments on appeal.

1. Leavy first argues that even if the Corneliuses sufficiently pled a negligence claim, it fails as a matter of law under the Act because furnishing alcohol was not the

proximate cause of Doe's injuries. He contends that the Act applies equally to premises liability cases.

In the amended complaint, the Corneliuses raised only a single count of negligence against Leavy for furnishing alcohol and failing to supervise the minors at the party. As the complaint makes clear, the basis for the general negligence allegations is the provision and consumption of alcohol. But, it is well-settled that a claim relating to furnishing alcohol is barred by the Act. See OCGA § 51-1-40; *Kappa Sigma Intl. Fraternity v. Tootle*, 221 Ga. App. 890, 893 (2) (473 SE2d 213) (1996).

"In construing [OCGA § 51-1-40], we look diligently for the intention of the General Assembly, keeping in view at all times the old law, the evil, and the remedy." (Citation and punctuation omitted.) *Riley v. H & H Operations*, 263 Ga. 652, 654 (2) (436 SE2d 659) (1993). As set out in that statute, our General Assembly determined that "that the consumption of alcoholic beverages, rather than the sale or furnishing or serving of such beverages, is the proximate cause of any injury, including death and property damage, inflicted by an intoxicated person upon himself or upon another person, except as otherwise provided in subsection (b) of this Code section." OCGA

5

§ 51-1-40 (a). Subsection (b) provides for certain exceptions involving furnishing alcohol to someone who will be driving. OCGA § 51-1-40 (b).

"Because the Act is in derogation of the common law, it must be strictly construed. Strictly construing a statute requires us to construe the statute according to its terms, to give words their plain and ordinary meaning, and to avoid a construction that makes some language mere surplusage." (Citations and punctuation omitted.) *Shin v. Estate of Camacho*, 302 Ga. App. 243, 246 (1), n. 5 (690 SE2d 444) (2010); see also *North American Senior Benefits v. Wimmer*, 319 Ga. 641, 644 (2) (906 SE2d 373) (2024) (when engaging in statutory construction, we consider the language in context and read it in a natural and reasonable way."). If the statutory text is clear and unambiguous, we attribute to the statute its plain meaning, and our search for statutory meaning is at an end." (Citation and punctuation omitted.) *Major v. State*, 301 Ga. 147, 150 (1) (800 SE2d 348) (2017). In that case, "judicial construction is not only unnecessary but forbidden." (Citation and punctuation omitted.) *Southern States Chemical v. Tampa Tank & Welding*, 316 Ga. 701, 713 (2) (888 SE2d 553) (2023).

Here, the plain language of the statute is unambiguous, and Georgia courts have construed it to bar negligence claims for third parties injured by another's

intoxication.[3] See *Delta Airlines v. Townsend*, 279 Ga. 511, 513 (1) (614 SE2d 745) (2005); *Hansen v. Ethridge*, 232 Ga. App. 408, 408-409 (501 SE2d 517) (1998); see also *Mowell v. Marks*, 269 Ga. App. 147, 148 (603 SE2d 702) (2004) (homeowner who hosted party for underage children, at which alcohol was served, was not liable under the Act); *Kappa Sigma Intl. Fraternity*, 221 Ga. App. at 893 (2) ("A provider of alcoholic beverages is insulated from liability to third parties except as provided in subsection (b)."); cf. *Hulsey v. Northside Equities*, 249 Ga. App. 474, 478 (3) (548 SE2d 41) (2001) (the Act was exclusive remedy and preempted common law negligence claim in mother's suit against bar that served intoxicated driver). As we have explained, the practical effect of OCGA § 51-1-40 (a) is that there can be no proximate causation for the injury an intoxicated person inflicts on a third person; it is the consumption of alcohol rather than its furnishing that is the cause of injury. See *Hansen*, 232 Ga. App. at 408-409.

---

[3] Generally, "OCGA § 51–1–40 (b) does not impose liability upon one who merely furnishes the premises upon which alcohol is consumed. It imposes liability only upon one who furnishes the alcohol itself. 'Furnish' is to 'provide for use; to supply.'" (Citation and punctuation omitted.) *Viau v. Fred Dean, Inc.*, 203 Ga. App. 801, 802 (1) (418 SE2d 604) (1992). We note that the complaint includes a single allegation that Leavy supplied the alcohol. Nevertheless, the Act precludes liability as set forth above. See *Delta Airlines v. Townsend*, 279 Ga. 511, 513 (1) (614 SE2d745) (2005); *Kappa Sigma Intl. Fraternity*, 221 Ga. App. at 893 (2).

These cases dictate our result here. Although we are sympathetic to the circumstances of this case, "courts cannot construe [statutes] to force an outcome that the legislature did not expressly authorize." *Turner v. Georgia River Network*, 297 Ga. 306, 308 (773 SE2d 706) (2015); see also *BPG Inspection v. Omstead*, 367 Ga. App. 128, 136 (1) (883 SE2d 593) (2023) ("It is fundamental that matters of public policy are entrusted to the General Assembly, and not this [C]ourt.") (citation and punctuation omitted)."[J]udges are supposed to apply the law enacted by the legislature based on what a statute says, not based on whether the judges believe it "makes sense" to apply the statute to the case at hand or instead feel it would be "unfair" to do so." (Citation omitted.) *Woodard v. State*, 296 Ga. 803, 813 (3) (b) (771 SE2d 362) (2015).

Moreover, although we have allowed premises liability claims to proceed when pled as a separate cause of action, the Corneliuses did not raise a claim under a theory of premises liability; their single claim of negligence against Leavy for failing to ensure his invitee's safety was based entirely on the provision and consumption of alcohol.[4]

---

[4] We note that, although the claim in the complaint is set out as the duty owed to an invitee, Doe was more likely a licensee at the time. *Stanton v. Griffin*, 361 Ga. App. 205, 207 (1) (863 SE2d 548) (2021) ("Georgia has consistently adopted the rule that a social guest is not an invitee but is a licensee") (citation and punctuation

See, e. g. *Mulligan's Bar & Grill v. Stanfield*, 294 Ga. App. 250, 251-252 (1) (668 SE2d 874) (2008) (where plaintiff alleged inadequate security and there was no evidence in the record, or allegations in complaint or the pre-trial orders that plaintiff's claims were based on furnishing alcohol, the Act did not bar premises liability claims); *B-T Two, Inc. v. Bennett*, 307 Ga. App. 649, 653-655 (2), (3) (706 SE2d 87) (2011) (involving two theories of negligence; negligence theory arising from serving alcohol was barred by OCGA § 51-1-40, but claim of negligent security was not so barred). As such, it is barred by the Act, and the trial court should have dismissed the complaint.

2. Leavy next argues that the Act also bars the Corneliuses' claim for furnishing alcohol to a minor under OCGA § 51-1-18.[5] He notes that, even if the claim survived, it is a claim belonging to the custodial parents, and the Corneliuses were never

---

omitted). The duty owed to a licensee is only to avoid injuring them wilfully or wantonly. Id. at 209 (2). That is not what the Corneliuses alleged in their complaint.

[5] Under OCGA § 51-1-18 (a), "[t]he custodial parent or parents shall have a right of action against any person who shall sell or furnish alcoholic beverages to that parent's underage child for the child's use without the permission of the child's parent." See also *Penny v. McBride*, 282 Ga. App. 590, 591 (639 SE2d 561) (2006). Such a claim is not foreclosed by the Act. *Eldridge v. Aronson*, 221 Ga. App. 662, 663 (1) (472 SE2d 497) (1996); see also *Mowell*, 277 Ga. App. at 527 (1) (parents of minor could bring claim under OCGA § 51-1-18 even though the Act barred negligence claim).

plaintiffs suing on their own behalf.[6] It is true that the complaint contains no such allegation on behalf of Doe's parents. But, the trial court never ruled on this claim, leaving nothing for this Court to review. *Pneumo Abex v. Long*, 357 Ga. App. 17, 29 (2) (849 SE2d 746) (2020) ("As we have repeatedly explained, this is a Court for the correction of errors of law, and if the trial court has not ruled on an issue, we will not address it. Indeed, without a ruling by the trial court on a particular issue, there is nothing for this Court to review upon appeal.") (citation and punctuation omitted); *Barnes v. Smith*, 339 Ga. App. 607, 608, n. 1 (794 SE2d 262) (2016) ("Based on the record before us, the trial court did not reach the merits of the claims . . . . Where the trial court has not ruled on an issue, we will not address it.").

*Judgment reversed. Doyle, P. J., and Padgett, J., concur.*

---

[6] Leavy also argues that the complaint failed to allege that he furnished alcohol to Doe; instead it alleged only that he furnished alcohol to minors. Construing the complaint in the light most favorable to the plaintiffs and resolving all inferences in their favor, we conclude that the allegations in the complaint are sufficient at this stage of the litigation to allege that Leavy furnished alcohol to Doe. *Zammit*, 372 Ga. App. at 174. Nevertheless, for the reasons discussed above, the trial court should have granted the motion to dismiss.