[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  13-14683
Non-Argument Calendar

_____

D.C. Docket No. 1:12-cv-03808-RWS

EDWIN FORD,
VISION 21 CONCEPTS, INC.,

Plaintiffs - Appellants,

versus

CITIMORTGAGE, INC.,
FEDERAL HOME LOAN MORTGAGE CORP.

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 28, 2014)

Before WILSON, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Edwin Ford and Vision 21 Concepts, Inc. appeal the district court's grant of

summary judgment in favor of CitiMortgage, Inc. and Federal Home Loan Mortgage Corp.  After review of the record and the parties' briefs, we affirm.

**I**

Because we write for the parties, we assume familiarity with the underlying facts of the case and recite only what is necessary to resolve this appeal.

In 2008, Mr. Ford obtained a $78,000 loan in connection with his purchase of property in Douglasville, Georgia.  The loan was secured by a promissory note and a security deed that CitiMortgage subsequently acquired.  Mr. Ford defaulted under the loan when he ceased making scheduled monthly payments to CitiMortgage.  According to Mr. Ford, a CitiMortgage representative verbally informed him that CitiMortgage had granted him a loan modification package and would forward the proposed modification to Federal Home Loan for its approval. Federal Home Loan purportedly rejected the proposed loan modification.

On February 15, 2011, CitiMortgage mailed Mr. Ford a notice of foreclosure, informing him that a foreclosure sale had been scheduled for April of 2011.  The notice identified CitiMortgage as having "the full authority to answer any questions and/or the full authority to negotiate, amend or modify the terms of [the] mortgage loan should [Mr. Ford] choose to do so," and listed CitiMortgage's address and telephone number.  CitiMortgage and Federal Home Loan subsequently foreclosed on Mr. Ford's property on April 5, 2011.

Mr. Ford and Vision 21 Concepts (to whom Mr. Ford had executed a quitclaim deed in the property) brought a wrongful foreclosure action against CitiMortgage and Federal Home Loan in state court.[1]  Following removal, the district court granted summary judgment in favor of CitiMortgage and Federal Home Loan, concluding that the statute of frauds barred the plaintiffs' wrongful foreclosure claim, and that the plaintiffs had failed to establish the elements of wrongful foreclosure as a matter of law because the foreclosure stemmed from Mr. Ford's own default under the loan.  The plaintiffs now appeal.

## II

The plaintiffs argue that the district court's grant of summary judgment to CitiMortgage and Federal Home Loan was erroneous because they presented sufficient evidence of the inadequacy of the notice of foreclosure to create a genuine issue of material fact.  We disagree.

We review *de novo* the grant of summary judgment, applying the same legal standards used by the district court.  *See Doe v. Sch. Bd. of Broward Cnty., Fla.*, 604 F.3d 1248, 1253 (11th Cir. 2010).  These legal standards require that we view the facts and resolve all reasonable inferences in favor of the non-moving party.  *See Hawkins v. Sarasota County Sch. Bd.*, 322 F.3d 1279, 1280-81 (11th Cir. 2003).  Summary judgment should only be granted if the record reveals that there

---

[1] The plaintiffs raised a number of additional causes of action, but their appeal only challenges the district court's grant of summary judgment on their wrongful foreclosure claim.

3

are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *Id.*

On appeal, the plaintiffs challenge the district court's grant of summary judgment on the sole ground that CitiMortgage wrongfully foreclosed on the property because it did not provide proper notice under O.C.G.A. § 44-14-162.2(a). Specifically, the plaintiffs contend that Federal Home Loan, rather than CitiMortgage (as designated in the notice), was the true "entity [with] full authority to negotiate, amend, and modify all terms of the mortgage" under the statute. The plaintiffs, however, notably do not take issue with the district court's stated grounds for granting summary judgment: the failure of their wrongful foreclosure claim under the statute of frauds and their threshold inability to state a wrongful foreclosure claim. Because the plaintiffs do not dispute that the district court correctly granted summary judgment on these independently sufficient bases, they have abandoned any argument that the evidence is sufficient to create a genuine issue of material fact. *See Sapuppo v. Allstate Floridian Ins. Co.*, --- F.3d ----, 2014 WL 43894, at *2 (11th Cir. Jan. 7, 2014) ("When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed."); *Little v. T-Mobile USA, Inc.*, 691 F.3d 1302, 1306 (11th Cir. 2012) (affirming denial of class certification where

4

appellant failed to challenge an "independent, alternative ruling" on which denial was based).[2]

Even if the issue were properly raised, the purported defect in the notice of foreclosure is insufficient to withstand summary judgment. Under § 44-14-162.2, a secured creditor must provide the debtor with notice of a foreclosure sale that, in relevant part, "shall be in writing [and] shall include the name, address, and telephone number of the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor[.]" O.C.G.A. § 44-14-162.2(a). Georgia courts have concluded that substantial compliance with this statute's notice provision is sufficient. *See TKW Partners, LLC v. Archer Capital Fund, L.P*., 302 Ga. App. 443, 446 (Ga. Ct. App. 2010). *See also Stowers v. Branch Banking & Trust Co*., 317 Ga. App. 893, 895 (Ga. Ct. App. 2012) (holding that notice of foreclosure listing name, address, and phone number of attorney, rather than the lender, was sufficient under § 44-14-162.2 even though "the attorney did not have full authority to negotiate, amend and modify the loan, and the notice listed no entity or individual with such authority").

Viewing the facts in the light most favorable to the plaintiffs, as we must, we

---

[2] Moreover, the plaintiffs' complaint referenced no defects in the notice of foreclosure. Because the plaintiffs improperly contested the adequacy of the notice for the first time in opposition to summary judgment, the issue was not properly before the district court. *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) ("A plaintiff may not amend her complaint through argument in a brief opposing summary judgment.").

conclude that CitiMortgage substantially complied with the statutory notice requirements.  Even if, as the plaintiffs contend, Federal Home Loan – rather than CitiMortgage – was the entity that ultimately had "full authority to negotiate, amend, and modify" the mortgage, the plaintiffs' version of the facts indicates that Mr. Ford sought a loan modification from CitiMortgage, CitiMortgage conveyed the request and made a recommendation to Federal Home Loan, and Federal Home Loan in turn reached a final decision to deny the modification.  In short, CitiMortgage was "authorized to receive communications from the debtor, to convey them to [Federal Home Loan], to make recommendations, and to convey [Federal Home Loan's] position to the debtor." *Stowers*, 317 Ga. App. at 895.  As such, the plaintiffs have raised no genuine issue of material fact precluding the entry of summary judgment on their wrongful foreclosure claim.

## III

The district court's grant of summary judgment in favor of CitiMortgage and Federal Home Loan is affirmed.

AFFIRMED.

6