**THIRD DIVISION**
**GOBEIL,**
**COOMER and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**January 23, 2019**

# In the Court of Appeals of Georgia

A18A2071. W. HENRY SCHWAB, JR. v. THEODORE JACKSON
et al.

A19A0112. W. HENRY SCHWAB, JR. v. THEODORE JACKSON
et al.

GOBEIL, Judge.

In case number A18A2071, W. Henry Schwab, Jr. appeals from the Superior Court of Fulton County's order dissolving a temporary restraining order ("TRO"), which had been imposed to prevent the appellees from proceeding with the judicial sale of Schwab's condominium (located at 37 28th Street, NW, #2, Atlanta, Georgia), and dismissing the case with prejudice. Specifically, following the defendants' filing of a motion for judgment on the pleadings and motion to dismiss for failure to state a claim, and, in the alternative, request for dissolution of the TRO, the trial court found that dismissal of the action on the pleadings, pursuant to OCGA § 9-11-12 (c),

and/or for failure to state a cause of action, pursuant to OCGA § 9-11-12 (b) (6), was appropriate. Alternatively, the trial court noted that dismissal of the TRO "would also be appropriate under OCGA § 9-11-65 (b)." Schwab argues on appeal that: (1) the trial court did not apply the correct standard in ruling on the motion, failed to treat it as a motion for summary judgment, and denied Schwab an opportunity to be heard ; (2) the trial court erred in dismissing the case with prejudice ; and (3) the trial court erred in concluding that Schwab breached his obligations under his approved bankruptcy reorganization plan .

Likewise, in case number A19A0112, Schwab appeals from the superior court's subsequent entry of an order imposing sanctions on Schwab for filing the underlying action, in violation of a Bill of Peace entered in prior litigation between the parties, which prevented Schwab in relevant part "from filing any lawsuit in this jurisdiction regarding the subject property[1] without the prior written approval of th[e] Court[.]" He argues on appeal that the trial court lacked jurisdiction to enter the sanctions order , and erred in concluding that his filing of the underlying petition violated the Bill of Peace .

_____

[1] It is undisputed that the subject property refers to the condominium located at 37 28th Street, NW, #2, Atlanta, Georgia.

As relevant background, at 1:57 p.m. on April 30, 2018, Schwab, through his counsel, filed an Emergency Verified Petition for a TRO against Theodore Jackson, in his official capacity as the Fulton County Sheriff, The Wycliff Condominium Association, Inc., and one of its officers, Jennifer Kirsch (collectively "the defendants"). Schwab sought to temporarily restrain the defendants from proceeding with a judicial sale of his condominium, which was scheduled to take place the next day. He acknowledged that Kirsch and the condominium association previously obtained a judgment against him in 2014 and were seeking to execute that judgment through judicial sale of the condominium. However, he argued that the proposed sale violated the express terms of his plan of reorganization entered in his 2015 Chapter 11 bankruptcy proceeding by the United States District Court for the Northern District of Georgia. He asserted that the plan of reorganization provided for satisfaction of the 2014 judgment through a payment plan, and he had paid all obligations due under the plan and Kirsch had accepted his payments. He maintained that the bankruptcy court had confirmed the plan was binding on all creditors and ordered that all creditors were "restrained from commencing or continuing any suit or other proceeding against [Schwab] or [his] assets on a claim existing at the time of the filing of the [original Bankruptcy] petition." Thus, he asserted that, because the

3

plan did not permit the judicial sale of his condominium and he was in compliance with his obligations under the plan, the defendants' actions in seeking the judicial sale violated the plan and should be restrained "at least for a sufficient time to permit the issues raised in this [c]omplaint to be more fully briefed and argued to and determined by the Court." Schwab attached several documents in support of his petition, including: the bankruptcy plan of reorganization, the bankruptcy court's order and final decree , and the Sheriff's Notice regarding the proposed sale of his condominium.

Notably, Schwab's counsel acknowledged in a footnote of the petition that he "believed that a 'bill of peace' was entered" in 2014 litigation between Schwab and the condominium association and Kirsch, which required that Schwab obtain prior approval from the court "for further complaints or proceedings by [Schwab] in connection with those matters." However, counsel argued that the "bill of peace should not be construed to preclude the filing of the present Petition, given the fundamentally different issues on and posture of this matter in comparison with the previous litigation between those parties." Alternatively, counsel urged the court "to grant any permission that may be deemed necessary for the filing and receipt of the present Petition."

4

A little over an hour later the superior court issued an ex parte emergency TRO, concluding that Schwab had "made a sufficient initial showing to justify the temporary relief sought" and enjoining the defendants from proceeding with the sale. The superior court did not discuss the Bill of Peace in its order.

At 4:57 a.m the next day, the defendants filed a Motion for Judgment on the Pleadings and Motion to Dismiss for Failure to State a Cause of Action; or in the alternative, Dissolution of the TRO. They argued that Schwab's petition for an emergency TRO violated the Bill of Peace–the existence of which he had failed to disclose to the court–and, therefore, the action should be summarily dismissed and Kirsch was entitled to judgment on the pleadings, pursuant to OCGA § 9-11-12 (c). They also argued that the case should be dismissed for failure to state a claim upon which relief could be granted because Schwab lacked written permission of the court to file the action. Alternatively, on the merits of his claim, the defendants argued that Schwab was not entitled to the relief sought because he had violated the Chapter 11 bankruptcy reorganization plan by not making the monthly payments due to Kirsch for April 2017 through November 2017. The defendants acknowledged that Schwab paid all of the past due payments on the eve of a bankruptcy hearing in December 2017 and that Kirsch accepted those payments. Nevertheless, they argued that Kirsch

was entitled to treat his prior non-payment under the plan and other conduct (threatening further litigation in violation of the Bill of Peace) as anticipatory repudiation of the other payments not yet due under the bankruptcy plan. Accordingly, the defendants requested that the action be dismissed on the pleadings and/or dismissed for failure to state a claim or, in the alternative, that the TRO be dissolved.

In support of their motion, the defendants attached several documents, including, among other items: (1) the order from the 2014 case entering the Bill of Peace;[2] (2) a consent order entered by the bankruptcy court in which the parties

_____

[2]The Bill of Peace provided as follows:

"[Schwab] is restrained and enjoined from filing any lawsuit in this jurisdiction regarding the subject property without the prior written approval of this Court, the original of which shall be attached to the complaint or other initial pleading at the time of filing. This Court will summarily dismiss any action filed in this Court without the Court's express written permission attached thereto. [Schwab], his assigns, agents and legal representatives also are subject to this injunction. [Schwab] will be subject to sanctions, up to and including incarceration, under the powers granted this Court pursuant to O.C.G.A. § 15-1-4 (2014) for any action prohibited by this injunction or for any violation of this injunction. The only exception to this Bill of Peace is that

6

agreed that the amount of Kirsch's and the condominium association's secured claim was $58,945 and that interest would accrue at the rate of 6.25% per year; (3) an order entered by the bankruptcy court in December 2017 declaring that the automatic stay was no longer in effect, and "abstain[ing] from making any determination about whether [Schwab] is in default under the Chapter 11 plan and what, if any, remedies are available to [Kirsch and the condominium associaton], which is more properly decided by the appropriate state court"; (4) e-mail correspondence from the time period during the bankruptcy proceeding regarding Schwab's non-payment of the monthly installments as set forth in the reorganization plan; (5) Kirsch's counsel's invoice for services rendered during the bankruptcy proceeding; and (6) the order and final decree entered by the bankruptcy court in February 2018 closing the Chapter 11 case.[3]

---

[Schwab] may file a proper appeal from this or any other Order of the Court to an appellate court for proper review.

[3] This order stated that "distributions under the Plan have commenced and that the Plan has reached 'substantial consummation' as that term is defined in 11 U.S.C. § 101 (2), and the United States Trustee's Office has no objection" and ordered that the provisions of the confirmed plan were binding on all creditors and all creditors were "restrained from commencing or continuing any suit or other proceeding against

At 9:49 a.m, a few hours after the defendants filed their motion, the superior court entered an order dismissing Schwab's action with prejudice, dissolving the TRO, and vacating the prior order.[4] In reaching its decision, the trial court took judicial notice of the Bill of Peace and a then-pending 2017 action filed by Schwab against Kirsch (Case no. 2017CV289939), and noted that the court had not given advance written permission in either the 2017 action or the underlying case as required by the Bill of Peace. The court further found that "Schwab did not disclose the existence of the Bill of Peace to this Court or try to show how it does not apply here, or what efforts he made to get the required permission." Thus, the court concluded that dismissal of the action was appropriate on the pleadings, or for failure to state a claim, or both, "as [Schwab was] lacking an essential element of any cause of action or pleading, i.e., written permission, that he could file against Defendants about the subject condominium," citing both OCGA § 9-11-12 (b) and (c). Finally, the court concluded that, even if the Bill of Peace did not exist, Schwab was not

[Schwab] or [his] assets on a claim existing at the time of the filing of the Petition, other than claims, rights, or interests arising out of or preserved in the confirmed plan or Orders of this [c]ourt."

[4] The record reflects that this order was entered by a different presiding judge than the one that granted Schwab's the emergency TRO.

8

entitled to relief on the merits of his claim that the defendants' actions (in seeking to proceed with the judicial sale of his condominium) breached the Chapter 11 reorganization plan. Specifically, in concluding that he was not entitled to relief on the merits, the court referenced the exhibits attached to the defendants' motion and found as follows:

> Kirsch shows that Schwab had an eight-month payment default, that she incurred condominium association enforcement expenses to get payments started, which was a four-month process in [Schwab's] Chapter 11 case (she demanded to be made whole for these enforcement expenses but Schwab refused), and that Schwab had a cashier's check with her name on it for $220,000.00, but Schwab withheld Plan payments as long as he believed he could and only started payments on the eve of a bankruptcy hearing of December 2017 on the issue of confirming the lifting of stay. He had further begun sending notices to Kirsch about [] initiating the 2017 litigation, disobeying the injunction. Kirsch was entitled to treat Schwab's nonpayment and other conduct throughout the duration his non-payment of Plan installments as anticipatory repudiation, as not all of his performance under his Plan was due when Kirsch began to take steps in bankruptcy court to enforce the 2014 foreclosure judgment.

Accordingly, the judicial sale of Schwab's condominium proceeded.[5]

---

[5] Documentation of the judicial sale does not appear to be in the record, but it is clear from the subsequent filings by both parties and the briefs on appeal that the

Seven days later, on May 8, 2018, Schwab filed an Emergency Motion to Reopen the Case along with supporting documents, requesting that the superior court reopen the case, vacate its prior order dismissing his action, set aside the sale of his condominium, and reimpose the TRO. Schwab argued that the prior order vacating the TRO and dismissing the case should be vacated because he was not provided with a minimum of two days' notice of the motion to dissolve the TRO as required under OCGA § 9-11-65 (b). He further argued that the Bill of Peace did not bar the action because this case involved whether the defendants were violating the terms of his Chapter 11 Bankruptcy Plan, and did not involve condominium maintenance or common area disputes which were subject to the Bill of Peace. Additionally, he argued that the confirmed Bankruptcy Plan extinguished the defendants' rights to immediate payment under the 2014 judgment and supplanted it with an installment contract, and the only remedy for a breach of this contract was for the defendants to bring suit for breach of contract or to enforce his obligation. Moreover, he argued that the defendants' acceptance of his late payments in December 2017 cured any prior default. Accordingly, he argued that the foreclosure sale of his condominium should be set aside because his plan payments were current and no default had been declared judicial sale occurred.

10

at the time the sale commenced. In addition, he argued that the sale was void, pursuant to OCGA § 9-13-60, because the condominium was subject to two superior/senior security deeds.

The defendants filed responses opposing the motion, maintaining that the case should remain dismissed due to Schwab's lack of candor regarding the Bill of Peace and repeated violation thereof, his non-compliance with his own Chapter 11 Bankruptcy Plan, and filing the motion to reopen outside the term of court in which the challenged order was issued. They also filed a cross-motion, requesting that Schwab be found in contempt for violating the Bill of Peace. Schwab filed a reply, reiterating his arguments as to why his motion should be granted. The defendants filed a supplemental response, reiterating their arguments. A hearing was held on June 4, 2018. However, two days later, before the court ruled on the merits of Schwab's motion to reopen, he filed a notice of appeal from the order vacating the TRO and dismissing the case (Case Number A18A2071).[6] Accordingly, the court

---

[6]Notably, the appellees filed a motion to dismiss the appeal in case number A18A2071, arguing that the order dissolving the TRO was not directly appealable and Schwab's appeal should be dismissed because he failed to comply with the discretionary appeal procedure. We denied the motion, concluding that the order's function and substance was to deny Schwab interlocutory injunctive relief, which was directly appealable under OCGA § 5-6-34 (a) (4).

11

concluded that it no longer had jurisdiction to entertain his motion to reopen. Nevertheless, the court went on to impose sanctions on Schwab in the amount of $3,000 for his "repeated and numerous violations of the Bill of Peace." Schwab filed a notice of appeal from that order as well (Case Number A19A0112).

We note that our standard of review of a trial court's ruling on a motion to dismiss is de novo. *Penny v. McBride*, 282 Ga. App. 590, 590 (639 SE2d 561) (2006). In so reviewing, our role is "to determine whether the allegations of the complaint, when construed in the light most favorable to the plaintiff, and with all doubts resolved in the plaintiff's favor, disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts." Id. (citations and punctuation omitted). Similarly,

> [o]n appeal from a grant of judgment on the pleadings, we conduct a de novo review of the trial court's order to determine whether the undisputed facts appearing from the pleadings entitle the movant to judgment as a matter of law. . . . For purposes of the motion, all well-pleaded material allegations by the nonmovant are taken as true, and all denials by the movant are taken as false. But the trial court need not adopt a party's legal conclusions based on these facts.

*Caldwell v. Church*, 341 Ga. App. 852, 855-56 (2) (802 SE2d 835) (2017) (citation and punctuation omitted);see also *Pryce v. Rhodes*, 316 Ga. App. 523, 523 (729 SE2d

12

641) (2012) ("When we review the grant of a motion for judgment on the pleadings, we owe no deference to the decision of the court below. And, like the court below, we must accept the truth of the factual allegations contained in the pleadings of the nonmoving party, and we view the pleadings in the light most favorable to the nonmoving party.") (citations omitted). With these guiding principles in mind, we turn to the claims raised in these appeals.

*Case No. A18A2071*

1. Schwab argues on appeal that the trial court: (1) failed to apply the correct standard in deciding the defendants' motion by failing to construe all allegations and doubts in his favor as the nonmovant; and (2) erred in failing to treat the motion to dismiss as a motion for summary judgment and denying him an opportunity to be heard. For the reasons explained below, we agree.

As explained above, in ruling on either a motion to dismiss for failure to state a claim or a motion for judgment on the pleadings, the trial court must construe all allegations and resolve all doubts in the nonmovant's favor. See *Penny*, 282 Ga. App. at 590; *Caldwell*, 341 Ga. App. at 855-56 (2). Here, the trial court did not apply that standard when ruling on the defendants' motion. Rather, the trial court appeared to accept all of the movant's allegations as true and construe all doubts in favor of the

13

movant. For instance, in its dismissal order, the trial court accepted the defendants' allegation that Schwab had not disclosed the existence of the Bill of Peace to the court and that the Bill of Peace barred Schwab's petition. However, in his petition, Schwab in fact alerted the court to the existence of the Bill of Peace and asserted that it "should not be construed to preclude the filing of the present Petition, given the fundamentally different issues on and posture of this matter in comparison with the previous litigation between the parties." Additionally, the trial court concluded that Schwab was not entitled to relief on the merits because he had breached his obligations under the Chapter 11 Bankruptcy Plan based on the exhibits attached to the defendants' motion. However, at this preliminary stage, "the trial court was required to view the allegations and documents in the pleadings in [Schwab's] favor regardless of the absence of evidence and then limit its determination to whether there was any possibility that he would be able to produce sufficient evidence . . . to prove that he was entitled to relief." *Weathers v. Dieniahmar Music, LLC*, 337 Ga. App. 816, 825 (4) (788 SE2d 852) (2016) (citations, punctuation, and footnote omitted). Because Schwab was not given an opportunity to respond or present any exhibits or evidence on his own behalf, we cannot say that there was no possibility that Schwab would not be able to produce evidence that would entitle him to relief on the merits

14

of his claim that the defendants' actions in seeking to proceed with the judicial sale of his condominium were in violation of the Bankruptcy Plan.

Moreover,

> [a]lthough a trial court has the option to consider evidence attached to a motion to dismiss and brief in support thereof, when the court does so it converts the motion to dismiss into a motion for summary judgment, governed by OCGA § 9-11-56. In accordance with this procedure, the trial court has the burden of informing a plaintiff that it will be considering exhibits attached to the defendant's motion to dismiss and that the plaintiff would have no less than 30 days within which to submit his own evidence in response to the motion for summary judgment.

Id. (citations, punctuation, and footnote omitted); see also *Johnson v. RLI Insurance Co.*, 288 Ga. 309, 309 (704 SE2d 173) (2010) (holding "that the language of OCGA § 9-11-12 (b)[7] requires a reviewing court to treat a motion to dismiss for failure to state a claim upon which relief can be granted as a motion for summary judgment if matters outside the pleadings are presented to and not excluded by the court")

---

[7] Providing, in relevant part, that "[i]f, on a motion to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in [OCGA §] 9-11-56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by [OCGA §] 9-11-56."

(citations and punctuation omitted). Similarly, "if, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in [OCGA §] 9-11-56[.]" OCGA § 9-11-12 (c).

Here, there is no dispute that the trial court considered matters outside of the pleadings when ruling on the defendants' motion, and, therefore, we must treat the ruling as one resolving a motion for summary judgment, pursuant to OCGA § 9-11-56. *Johnson*, 288 Ga. at 310; see also *Harris v. Deutsche Bank National Trust Co.*, 338 Ga. App. 838, 838 (792 SE2d 111) (2016) (holding that because the trial court considered matters outside the pleadings, "including the pleadings and judgments in two cases prosecuted by the [plaintiffs] against [the defendants]," the court would treat the trial court's order on a motion to dismiss as an order granting summary judgment). Thus, the trial court erred in failing to give Schwab notice or an opportunity to respond as required. See *Weathers*, 337 Ga. App. at 825 (4); *Bynum v. Horizon Staffing*, 266 Ga. App. 337, 338 (1) (596 SE2d 648) (2004) ("[T]he court must give the nonmoving party at least 30 days notice to prepare evidence in opposition to summary judgment.") (citations and footnotes omitted).

16

Nevertheless, "deficient notice is not reversible absent a showing of harm." *Bynum*, 266 Ga. App. at 339 (1). We find that Schwab has made a sufficient showing that he was harmed by the court's failure to give him proper notice. Specifically, because he failed to get the requisite notice, he was denied an opportunity to fully brief his argument to the court that the Bill of Peace was inapplicable to the underlying action, or why the emergency TRO otherwise should not be dissolved.[8] As a result, the TRO was dissolved, the judicial sale proceeded and his condominium was sold–which was the exact harm that Schwab was trying to prevent in obtaining the emergency TRO. Moreover, his cause of action was dismissed with prejudice, which prevents him from litigating these issues further.

The appellees argue that 30 days' notice and an opportunity to respond was "not an option" because Schwab had petitioned for, and been granted, an emergency ex parte TRO only a day before the judicial sale was scheduled to proceed . However, their argument is misplaced. Once the trial court opted to consider the exhibits

---

[8]Additionally, Schwab was entitled to at least some advance notice that the defendants had filed a motion to dissolve the emergency TRO. See OCGA § 9-11-65 (b) ("On two days' notice to the party who obtained the temporary restraining order without notice or on such shorter notice to that party as the court may prescribe, the adverse party may appear and move its dissolution or modification; and in that event the court shall proceed to hear and determine the motion as expeditiously as the ends of justice require.").

attached to their motion and took judicial notice of other proceedings, it converted the motion into one for summary judgment. Schwab then was entitled to notice and an opportunity to be heard. See OCGA §§ 9-11-12 (b), (c), and 9-11-56. Alternatively, the appellees argue that Schwab had no right to be heard because of the existence of the Bill of Peace , but this argument is unpersuasive based on the limited record on appeal. Although the existence of the Bill of Peace is undisputed and remains binding on Schwab,[9] he contended in his petition, and maintains on appeal, that it should not apply to the underlying action. While the property that is the subject of the Bill of Peace may incidentally be involved in this case, he reasons that this action is really about whether the appellees have violated the terms of Schwab's Chapter 11 Bankruptcy Plan. Given that Schwab was not permitted an opportunity to fully present this argument in the trial court and the limited record before us, we cannot determine whether the trial court properly determined that the Bill of Peace applied to the underlying action.

Accordingly, based on the facts of this case, we find that the trial court committed reversible error. Therefore, we reverse and remand for further proceedings.

---

[9] *Mitchell v. Wells Fargo Bank, N.A.*, 295 Ga. 620, 622 (761 SE2d 295) (2014) ("Without any order setting aside the bill of peace . . . it remains binding[.]").

18

On remand, the court is directed to provide Schwab with an opportunity to respond to the defendants' motion and request a hearing, if desired, in accordance with OCGA § 9-11-56. The trial court is directed to consider all issues raised by both parties in their pleadings, including whether the Bill of Peace bars this litigation.

2. In light of our holding in Division 1, we do not reach the remaining issues in Case Number A18A2071.

### Case No. A19A0112

3. Additionally, Schwab appeals the trial court's subsequent order imposing $3,000 in sanctions for violating the Bill of Peace. Because the sanctions order was predicated on the trial court's prior order finding that the underlying petition was barred by the Bill of Peace, which we are reversing in Case No. A18A2071, we vacate the sanctions order at this time.

*Judgment reversed in Case No. A18A2071. Judgment vacated in Case No. A19A0112. Coomer and Hodges, JJ. concur.*