**SECOND DIVISION**
**MILLER, P. J.,**
**RICKMAN and REESE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 6, 2020**

# In the Court of Appeals of Georgia

A19A2417, A19A2473. NAJARIAN CAPITAL, LLC v. FEDERAL NATIONAL MORTGAGE ASSOCIATION (two cases).

REESE, Judge.

Najarian Capital, LLC ("the Appellant") appeals from orders of the Superior Court of Fulton County, which, in two separate but related actions for, inter alia, specific performance, granted motions to dismiss filed by the Federal National Mortgage Association ("the Appellee"). Because these appeals involve essentially the same facts and questions of law, we consider them together. For the reasons that follow, we affirm.

The facts are undisputed. Viewed in the light most favorable to the non-movant,[1] in 2018, according to the Appellant's complaints, the Appellee conducted

---

[1] See *Atlanta Dev. Auth. v. Ansley Walk Condo. Assn.*, 350 Ga. App. 584, 586 (829 SE2d 858) (2019).

non-judicial foreclosure sales on two residential properties, one located on Gwendale Drive ("Property I") and the other property located on Hobgood Road ("Property II"). The Appellant was the highest bidder on both Property I and Property II at separate foreclosure sales that took place in 2018. Within the 30-day time periods for each of the sales, and before the deeds were delivered to the Appellant, the Appellee rescinded the sales of Property I and Property II[2] pursuant to OCGA § 9-13-172.1 (d).

After each of the rescissions, the Appellant contacted the Appellee and requested documentation that OCGA § 9-13-172.1 (d) applied. The Appellant filed two separate lawsuits against the Appellee alleging, inter alia, breach of contract, and sought specific performance and declaratory judgments of due process violations. The Appellee filed motions to dismiss in each case. After a consolidated motions hearing, the trial court dismissed the Appellant's complaints in separate orders. These appeals followed.

---

[2] According to the Appellant, the reasons given by the Appellee for the rescissions were that "the borrower reinstated the loan[ ]" for Property I and that "the current owner was not notified of the sale[ ]" for Property II.

"We note that our standard of review of a trial court's ruling on a motion to dismiss is de novo."[3] Further, [w]e construe the pleadings in the light most favorable to the nonmoving party with any doubts resolved in that party's favor."[4] OCGA § 9-13-172.1 provides, as follows:

> (a) As used in this Code section, "eligible sale" means a judicial or nonjudicial sale that was conducted in the usual manner of a sheriff's sale and that was rescinded by the seller within 30 days after the sale but before the deed or deed under power has been delivered to the purchaser.
>
> (b) Upon recision of an eligible sale, the seller shall return to the purchaser, within five days of the recision, all bid funds paid by the purchaser.
>
> (c) Where the eligible sale was rescinded due to an automatic stay pursuant to the filing of bankruptcy by a person with an interest in the property, the damages that may be awarded to the purchaser in any civil action shall be limited to the amount of the bid funds tendered at the sale.
>
> (d) Where the eligible sale was rescinded due to:
>
> (1) The statutory requirements for the sale not being fulfilled;
>
> (2) The default leading to the sale being cured prior to the sale; or

---

[3] *Schwab v. Jackson*, 348 Ga. App. 457, 463 (823 SE2d 546) (2019) (citation omitted).

[4] *Bobick v. Community & Southern Bank*, 321 Ga. App. 855, 856 (743 SE2d 518) (2013) (citation and punctuation omitted).

3

(3) The plaintiff in execution and the defendant in execution having agreed prior to the sale to cancel the sale based upon an enforceable promise by the defendant to cure the default, the damages that may be awarded to the purchaser in any civil action shall be limited solely to the amount of the bid funds tendered at the sale plus interest on the funds at the rate of 18 percent annually, calculated daily. Notwithstanding any other provision of law, specific performance shall not be a remedy available under this Code section.

With these guiding principles in mind, we now turn to the Appellant's specific claims of error.

*A19A2417*

In several enumerated errors, the Appellant argues that the trial court misapplied the burden of proof and production to its claims and utilized the incorrect standard in granting the Appellee's motion to dismiss regarding the foreclosure sale of Property I.

1. The Appellant argues that the trial court's dismissal of its motion for declaratory judgment as to Property I violated the Due Process Clause of the Georgia Constitution. The Appellant also argues that the trial court erred in granting the Appellee's motion to dismiss by "misplac[ing the] burden of proof and production[,]"

4

as to its claims, finding that OCGA § 9-13-172.1 did not require evidence that a qualifying rescission occurred.

As an initial matter, the trial court properly determined the statutory question before considering the related constitutional issue.[5] It its order, the trial court clearly determined that statutorily, OCGA § 9-13-172.1 did not require any "'documentary proof' or any type of "reasonable evidence" that a rescission qualifying under the statute had occurred. Because we also resolve this case on statutory grounds, we need not address the Appellant's constitutional arguments.[6]

It is well settled that

[w]hen we consider the meaning of a statute, we must presume that the General Assembly meant what it said and said what it meant. To that end, we must afford the statutory text its "plain and ordinary meaning," we must view the statutory text in the context in which it appears, and we must read the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would. [I]f the statutory

---

[5] See *Deal v. Coleman*, 294 Ga. 170, 172 (1), n. 7 (751 SE2d 337) (2013) (noting that, when presented with statutory and constitutional questions, courts should first try to resolve the matter on statutory grounds).

[6] See id.

text is "clear and unambiguous," we attribute to the statute its plain meaning, and our search for statutory meaning is at an end.[7]

Our interpretation of a statute must conform with common sense and sound reasoning.[8] "In this sense, a statute should be read according to its natural and most obvious import of the language without resorting to subtle and forced constructions for the purpose of either limiting or extending its operation."[9]

The legislature's intent in enacting OCGA § 9-13-172.1 was "to create a mechanism to give homeowners every opportunity to cure a default and avoid the harmful and disturbing effects of foreclosure."[10] In interpreting the damages portion of OCGA § 9-13-172.1 (d), the Georgia Supreme Court stated that according to the statute's preamble, the statute was enacted "to address the limitation of damages in civil actions by purchasers for property sold in certain judicial and certain nonjudicial sales that are later rescinded[, and] to provide for related matters; to repeal conflicting

---

[7] *Deal*, 294 Ga. at 172-173 (1) (a) (citations and punctuation omitted).

[8] See *Muscogee County Bd. of Tax Assessors v. Pace Indus.*, 307 Ga. App. 532, 535 (705 SE2d 678) (2011).

[9] Id. (punctuation and footnote omitted).

[10] *JIG Real Estate v. Countrywide Home Loans*, 289 Ga. 488, 492 (2) (b) (712 SE2d 820) (2011).

laws; and for other purposes."[11] The General Assembly did not choose to require *either* party to provide documentary proof of a rescission under OCGA § 9-13-172.1 to the other party, although it possessed the power to do so.[12] Despite the Appellant's arguments to the contrary, this does not prevent a party alleging a violation of this statute from introducing evidence that a party violated the statute. For example, if the Appellant had obtained information from sources other than the Appellee that the rescission of Property I did not occur under OCGA § 9-13-172.1, it would have been within its right to bring an action for damages.[13]

---

[11] Id. at 492 (2) (d) (citation and punctuation omitted); see *Holcomb v. Long*, 329 Ga. App. 515, 518 (1), n. 15 (765 SE2d 687) (2014) ("As a part of an act passed by the General Assembly and approved by the governor, the preamble of a statute may properly be considered by our courts to the extent that it sheds light on the meaning of the substantive terms contained in the statute.") (citation omitted).

[12] See *Sears v. State of Ga.*, 232 Ga. 547, 554 (3) (208 SE2d 93) (1974) ("The General Assembly is "absolutely unrestricted in its power to legislate, so long as it does not undertake to enact measures prohibited by the State or Federal Constitution.") (citations omitted).

[13] See *Stowers v. Branch Banking & Trust Co.*, 317 Ga. App. 893, 893-894 (731 SE2d 367) (2012) (failure to comply with the statutory requirements of OCGA § 9-13-172.1 may result in an award of damages).

Based on the foregoing, the trial court properly found that OCGA § 9-13-172.1 did not require the seller to provide the buyer with reasonable documentary proof evidencing that a qualifying event under subsection (d) of the statute occurred.[14]

2. The Appellant argues that the trial court erred in dismissing its claim for specific performance under OCGA § 9-13-172.1 (d). As explained fully in Division 1, supra, the trial court properly dismissed the Appellant's claim for declaratory judgment, thus this enumeration of error is moot.

*A19A2473*

3. Mirroring the argument addressed in Division 1, supra, the Appellant contends that the trial court misapplied the burden of proof and production regarding its claims and utilized the incorrect standard in granting the Appellee's motion to dismiss as to the foreclosure sale of Property II. For the reasons fully explained in Divisions 1 and 2, supra, the trial court did not err in dismissing the Appellant's motion for declaratory judgment regarding Property II.

*Judgments affirmed. Miller, P. J., and Rickman, J., concur.*

---

[14] See *Stowers*, 317 Ga. App. at 893-894.