**FOURTH DIVISION**
**DOYLE, P. J.,**
**COOMER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 4, 2020**

# In the Court of Appeals of Georgia

A19A2083. BROCK v. BROWN.

COOMER, Judge.

Jeffrey Brock appeals from an order dismissing his complaint for permanent custody and visitation. On appeal, Brock contends that the superior court erred in dismissing his complaint by concluding that he lacked standing; in concluding that he failed to state a claim upon which relief may be granted; and in concluding that his complaint seeks merely a custody determination by the superior court. For the following reasons, we affirm.

Brock and Janet Brown were formerly married. Janet Brown is the mother of Gina Louise Brown and is the maternal grandmother of the minor child who is the subject of the underlying action. Gina Louise Brown is the sole legal parent of the subject minor child. The Stephens County probate court appointed Brock and Janet

Brown as temporary co-guardians of the minor child in October 2008. Brock and Janet Brown were divorced in November 2014. The temporary co-guardianship has remained in effect despite the divorce.

After the divorce, the minor child lived primarily with Janet Brown. Brock typically spent time with the minor child every other weekend. Disputes began to arise between the co-guardians in December 2016 when Janet Brown began denying Brock the ability to spend time with the minor child. Brock filed the underlying action against Janet Brown and Gina Louise Brown in March 2017.

Janet Brown filed a motion to dismiss for failure to state a claim and for lack of subject matter jurisdiction, contending that Brock lacked standing. In the alternative, she moved for judgment on the pleadings and summary judgment. The superior court granted the motion to dismiss, finding that Brock lacked standing to petition for custody of the minor child and that Brock failed to state a claim upon which relief may be granted because the superior court lacks subject matter jurisdiction over controversies as to the right of guardianship between temporary co-guardians.

On appeal, we review a trial court's ruling on a motion to dismiss de novo. *Penny v. McBride*, 282 Ga. App. 590, 590 (639 SE2d 561) (2006).

1. Brock first contends that the superior court erred in dismissing his complaint on the basis that he lacked standing. We disagree.

In the complaint Brock filed against Janet Brown and Gina Louise Brown, Brock requested that he and Janet Brown "be granted immediate, temporary and permanent legal and physical custody of the minor child[.] Brock concedes that he has no biological ties to the minor child, but argues that his status as temporary co-guardian establishes standing to petition for custody. However, OCGA § 19-7-1 (b.1), which governs actions "involving the custody of a child between the parents or either parent and a third party," specifically limits the class of third parties who may petition for custody to "grandparent, great-grandparent, aunt, uncle, great aunt, great uncle, sibling, or adoptive parent[.]" Gina Louise Brown is the legal parent of the minor child, and Brock is not the grandparent, great-grandparent, aunt, uncle, great aunt, great uncle, sibling, or adoptive parent of the minor child. Therefore, the superior court did not err in concluding that Brock lacks standing to bring this action.

2. Brock's other enumerations of error, which are not supported by citation of authority, are deemed abandoned. See Court of Appeals Rule 25 (c) (2).

*Judgment affirmed. Doyle, P. J., and Markle, J., concur.*

3